# County of Lackawanna *versus* Stevens.

105   465
195   239

105       465
21 SC ¹ 50

1. The Act of April 9, 1873, (P. L., 583,) regulating the sheriff's fees in the county of Luzerne, being special in its provisions, extends to all the territory which was then included within the limits of the county. Said Act was not repealed by the general fee bill of June 12, 1878, (P. L., 188,) fixing the fees of officers in counties having less inhabitants than Luzerne; hence, the fees of the sheriff of Lackawanna county, when it was subsequently erected out of Luzerne county, continued to be governed by the local act of 1873, although the number of the inhabitants of the new county brought it within the limits fixed by the general law.

2. Where, in the court below, the facts upon which a case is decided are

9 OUTERBRIDGE.—30.

conceded, but are not submitted in the form of a case stated, a writ of error will not be barred by the omission to specifically reserve the right thereto.

February 26, 1884. Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett and Clark, JJ. Green, J., absent.

Error to the Court of Common Pleas of *Lackawanna county :* Of January Term, 1884, No. 148.

Debt, by the county of Lackawanna against A. B. Stevens, to recover an alleged excess in the amount of fees received by the defendant as sheriff, for the service of jury notices during the year 1881.

The controversy arose on an appeal by Stevens from the report of the county auditors, in settlement of his official accounts; wherein they refused to approve the payment to him, by the county commissioners, of a fee of one dollar for each jury summons served during the year 1881, and allowed him only twenty-five cents each, thereby charging him with $1,207.50.

An action of debt was entered, by direction of the court, in the name of the county of Lackawanna, plaintiff, against A. B. Stevens, defendant. The proper declaration was filed for the alleged excess of fees, and a plea of nil debet entered.

The facts, which were admitted by both parties, were as follows: Lackawanna county was erected out of Luzerne county, in August, 1878, and its courts organized in October of the same year. Stevens was appointed sheriff, and in 1879 was re-elected for three years.

In 1878 the population of Luzerne county was about 161,000; and Lackawanna county, when organized, contained a little more than 89,000 inhabitants. The Act of April 9, 1873, (P. L., 583,) provides that the "sheriff of Luzerne county shall be entitled to receive the sum of one dollar for each jury notice served."

The Act of June 12, 1878, (P. L., 188,) entitled "An Act to ascertain and appoint the fees to be received by the sheriffs . . . . . of this commonwealth, except in counties containing more than 150,000 or less than 10,000 inhabitants," fixes the fees to be paid for each juror summoned at twenty-five cents.

Upon these facts the court entered judgment for the defendant, Hand, J., delivering the opinion, which was, inter alia, as follows : "The only question in this case is, did the division of Luzerne county, on the 21st August, 1878, repeal the provisions of the Act of 1873, so far as the territory and inhabitants of Lackawanna county are concerned, and put that county under the Act of 12th June, 1878? Many difficulties arise in questions raised after the division of a county, or the

[Lackawanna Co. *v.* Stevens.]

erection of a new county. We have invariably held that the local laws of Luzerne county, passed for the territory, and the benefit of their inhabitants and their control, are still in force in the new county. This Act relating to the fees of a public officer, we consider one of those laws which concern the inhabitants of the territory, and not alone a mere personal privilege. Various reasons might be urged for the passage of such an Act, many of which would show that it was not as a mere gratuity to the sheriff. He is a public officer in a sense that many officers are not. His duties are not confined to the territory of the county in which he holds his office. Many of the reasons which warrant the Act relating to Luzerne county are of force in Lackawanna. The Act of 1878 excludes Luzerne county from its provisions, and of course, at the time of its passage, excluded the territory and inhabitants of the portion of Luzerne now comprised in Lackawanna.

" Upon the principle that we cannot legislate, and the principle laid down in Parsons & Winslow, 1 Grant, 160, by WOODWARD, J., that territory or men once made the objects of legislation, remain subject to the laws imposed, however the names by which they are designated may be changed, we are led to conclude that the Act of 1873 is still in force in this county."

Thereupon the plaintiff took this writ of error, assigning for error the action of the court in entering judgment for the defendant.

*L. A. Watres*, for the plaintiff in error.—Although it is true that territory or persons once made the objects of legislation remain subject to the law imposed, that principle does not apply to this case, because the Act of April 9, 1873, affects a particular officer and not the inhabitants of a county. The officer referred to in the Act, to wit: the sheriff of Luzerne county, still exists, and is not affected by this suit. Suppose Lackawanna county had been formed from Luzerne, Susquehanna, and Wayne, and each of these counties had a special law fixing the fees of the sheriff, which one would the sheriff of Lackawanna county come under? At the time Lackawanna county was organized, there was a general law governing counties of the class to which it belonged by reason of population, and to this general law of June 12, 1878, it was subject: Luzerne County *v.* Griffith, 10 Luz. Leg. Reg., 37. Moreover, we submit that the Act of 1873 was repealed by the Act of March 31, 1876, (P. L., 13,) and the Act of June 12, 1878, revising the whole subject matter: Bartlet *v.* King, 7 Am. Dec., 105; Commonwealth *v.* Cromley, 1 Ashmead, 179. The principle that a subsequent statute is a repeal of

[Lackawanna Co. *v.* Stevens.]

all repugnant provisions in a prior one, applies with special force where the prior enactment is local and the new one general in its operation: Nusser *v.* Commonwealth, 1 Casey, 127; Keller *v.* Commonwealth, 21 P. F. S., 413. This is not a case stated, and therefore a stipulation for a writ of error was not necessary.

*Fred. W. Gunster, E. N. Willard* and *Charles H. Wells*, for defendant in error.—The submission of the case to the court below did not provide for a writ of error, and therefore the judgment there was final. It follows that this writ should be quashed: Hughes *v.* Peaslee, 14 Wr., 257. All the laws applicable to Luzerne county at the time of the division are in full force in the new county, because it was erected in whole from the old county: Parsons *v.* Winslow, 1 Grant, 160. It has been uniformly held that all the local and special laws of Luzerne county are in force in Lackawanna county: Simrell *v.* County of Lackawanna, 2 Luz. Law Times, N. S., 249; In re Court Proceedings, 1 Luc. Leg. Rec., 88; In re Bridge over Tunkhannock Creek, unreported.

Chief Justice MERCUR delivered the opinion of the court, March 31, 1884.

While the facts were conceded, on which this case was decided, yet they were not submitted in the form of a case stated so as to bar a writ of error without the right thereto being specifically reserved.

The Act of 9th April, 1873, applied to the county of Luzerne only. It was, therefore, special in its provisions, and extended to the whole territory within the limits of its boundaries. When the Act of 12th June, 1878, was passed, the county contained more than one hundred and fifty thousand inhabitants. It was, therefore, by the express terms of the Act, excepted from the operation thereof. The latter Act did not repeal this special law in force in the county of Luzerne. Did the subsequent formation of the county of Lackawanna, out of a portion of the territory, operate as a repeal thereof in the new county? We think not. The Act providing for the formation of the county did not repeal any of the special laws then in force. Although the name of the municipality which covered this portion of the territory was changed, yet the effect thereof was not, by implication, to repeal any local law then in force within its boundaries. It follows that the Act of 9th April, 1873, is still in force within the county of Lackawanna, and the learned judge committed no error in entering judgment in favor of the defendant in error.

Judgment affirmed.