## Commonwealth v. Ayers.

*Criminal law—Summary conviction—Information—Justice of the peace.*
The information upon which a summary proceeding before a justice of the peace is founded, should set forth every material element of the offense, and facts necessary to establish the jurisdiction of the justice.

*Criminal law—Townships—Borough.*
A borough which has been carved out of a township remains subject to a local statute providing for summary proceedings, when such statute was the law of the whole territory embraced by the township.

*Summary conviction—Justice of the peace—Record.*
It is essential that the record of a summary conviction shall contain a finding that an act has been done by the defendant which falls within an unlawful class.

*Summary conviction—Record of justice of the peace—Billiard tables—Wyalusing township—Act of April 3, 1872, P. L. 751.*
The Act of April 3, 1872, P. L. 751, entitled " an act to prohibit the use of billiard tables, bowling alleys, dice or card tables in the township of Wyalusing, in the county of Bradford," provided that " it shall not be lawful to keep for use as such any billiard table or tables, bowling alleys, dice or card table or tables, or any other device by which men and boys are allured to vice and idleness in the township of Wyalusing, in the county of Bradford." The record of a summary conviction under this act showed only this finding of facts: " Now after hearing their proofs and allegations defendant A is convicted of keeping a billiard or pool table for the use of the public, and fined $20.00 and costs." *Held*, (1) that the record was defective in that it failed to find that the act of the defendant was done

within the district affected by the statute; (2) that the record was defective in stating that the defendant kept a billiard or pool table, inasmuch as this was an alternative finding upon a question of fact.

*Constitutional law—Title of statute—Act of April 3, 1872—Statutes.*

The Act of April 3, 1872, P..L. 751, entitled "an act to prohibit the use of billiard tables, bowling alleys, dice or card tables in the township of Wyalusing in the county of Bradford," and providing that "it shall not be lawful to keep for use as such any billiard table or tables, bowling alleys, dice or card table or tables, or any other device by which men and boys are allured to vice and idleness in the township of Wyalusing in the county of Bradford," is not deficient in title in so far as it forbids the keeping of billiard tables for the use of the public for hire, although the attempted extension to "other devices" is invalid.

The keeping for use which is made unlawful by the act of April 3, 1872, is to be understood in the sense in which the term is applied in designating a business or occupation. The act forbidden is the keeping of billiard tables for the use of the public for hire.

The title of the act of April 3, 1872? gives notice of an express prohibition of the use of billiard tables, and notice of such prohibition is a sufficient warning of the penalty imposed for violation.

Argued Jan. 21, 1901. Appeal, No. 34, Jan. T., 1901, by defendant, from judgment of C. P. Bradford Co., Sept. T., 1899, No. 519, on certiorari in case of Commonwealth v. Benjamin Ayers. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Certiorari to a justice of the peace.

The record of the justice of the peace contained the following as the only finding of facts:

"Now after hearing their proofs and allegations, defendant, Benjamin Ayers, is convicted of keeping a billiard or pool table for the use of the public, and fined $20.00 and costs."

The following exceptions were filed to the record of the conviction:

1. The information returned by the justice, on which the defendant was summoned to answer the commonwealth, etc., does not show the place where it was taken by the justice.

2. The information returned by the justice, on which the defendant was summoned by the justice to appear, answer the commonwealth, etc., does not contain an exact description of the offense for which he was summoned to answer.

3. The offense of keeping a billiard or pool table for the "use

of the public," of which the justice convicted the defendant, is not charged in the information or complaint, nor warranted by it.

4. The pretended conviction does not contain a finding that the defendant had committed any special act described therein or in any way individuated any act so that it appears to fall within an unlawful class of acts.

5. The record does not show that the defendant, upon a legal conviction under the act of assembly referred to therein, was sentenced to "forfeit and pay into the school treasury of any school district any sum of money," etc.

6. The record does not specify a specific offense of which the defendant was convicted, nor the time or place when and where he committed it.

7. The defendant had a right under the Act of April 10, 1849, sec. 19, to keep a billiard room in the borough of Wyalusing, and it not being claimed or appearing that he had not taken a license from the county treasurer under said act, these proceedings are illegal and must be quashed.

8. That after the incorporation of the borough of Wyalusing, the act of 1872 did not apply to the territory embraced in it.

9. The justice had no jurisdiction to hear and decide the case summarily.

10. The information does not charge a crime against the commonwealth.

11. The justice had no jurisdiction to impose a fine on the defendant.

12. The evidence was insufficient to convict defendant of any offense charged in the information.

13. It was unlawful to convict the defendant of "keeping a billiard or pool table."

14. It is not unlawful to keep a billiard or pool table in the borough of Wyalusing.

The court sustained the conviction and quashed the certiorari.

*Error assigned* was in quashing the certiorari.

*I. McPherson*, for appellant.—The information was insufficient: Com. v. Davenger, 10 Phila. 478; Stewart v. Com., 10 Watts, 309.

It is essential that a summary conviction shall contain a finding that a special act has been committed by the defendant, and that it shall describe it, or define it in such a way as to individuate it, and show that it falls within an unlawful class of acts: Com. v. Nesbit, 34 Pa. 398; Agnew v. Washington Borough, 7 Pa. C. C. Rep. 180; Reid v. Wood, 102 Pa. 312; Laverty v. Com., 4 Pa. C. C. Rep. 137; Johnston v. Com., 22 Pa. 102.

The conviction cannot stand on the ground of uncertainty. It is " of keeping a billiard or pool table," etc.: Albrecht v. Lane, 9 W. N. C. 377; Willems v. Com., 12 W. N. C. 471; Stewart v. Com., 10 Watts, 309.

The sentence, or penalty imposed by the justice on the appellant, "fined twenty dollars and costs," is also illegal and void: Brightly on the Law of Costs, 17.

The sentence is illegal and void, because the act of assembly confers no power upon the justice of enforcing it, by distress, execution, imprisonment or otherwise: Agnew v. Washington Borough, 7 Pa. C. C. Rep. 180.

The entire proceedings, conviction and sentence are null and void, because the act of assembly conferred no jurisdiction upon the justice of the peace to convict a person for a violation of its provisions.

The act of assembly under which the proceedings were had is unconstitutional: In re Road in Borough of Phœnixville, 109 Pa. 44; Sewickley Borough v. Sholes, 118 Pa. 165; Hatfield v. Com., 120 Pa. 395; Com. v. Frantz, 135 Pa. 389; Mt. Joy Boro. v. Lancaster, etc., Turnpike Co., 182 Pa. 581.

The act of 1872 is at least unconstitutional so far as its provisions may seem to affect a person legally authorized to keep a billiard room under the provisions of the 19th section of the act of April 10, 1849, and its supplements.

A special act cannot make criminal that which a general act under a license authorizes to be done, so long as the general act remains in force: Com. v. Frantz, 135 Pa. 389.

The act of 1872 was not operative in Wyalusing borough after its incorporation as such: Berg's Petition, 139 Pa. 354; Com. v. School Directors, 8 Pa. Superior Ct. 257.

*E. Overton*, for appellee.—It is sufficient if the whole record

taken together shows the nature of the offense : Johnston v. Com., 22 Pa. 102; Van Swartow v. Com., 24 Pa. 131; Com. v. Burkhart, 23 Pa. 521.

The record in this case was insufficient: Byers & Davis v. Com., 42 Pa. 89; Com. v. Waldman, 140 Pa. 89; Gilkyson v. Bucks Co., 84 Pa. 22; Com. v. Green, 58 Pa. 226; Com. v. Sellers, 130 Pa. 32.

A local act remains in force in the entire territory for which it was enacted : Irvin v. McCallin, 28 Pitts. L. J. 322; Clifford v. Belsterling, 2 S. & R. 108; Lackawanna County v. Stevens, 105 Pa. 465; Parsons v. Winslow, 1 Grant, 160.

OPINION BY W. D. PORTER, J., July 25, 1901:

The defendant was, in a summary proceeding before a justice of the peace, convicted of a violation of the Act of April 3, 1872, P. L. 751 , entitled, " An act to prohibit the use of billiard tables, bowling-alleys, dice or card tables, in the township of Wyalusing, in the county of Bradford." The 1st section of the act provides : " That from and after the passage of this act it shall not be lawful to keep for use as such any billiard table or tables, bowling-alleys, dice or card table or tables or any other device by which men and boys are allured to vice and idleness, in the township of Wyalusing, in the county of Bradford." The 2d section imposes a penalty and confers jurisdiction of the offense upon justices of the peace. The title of the act gives notice of an express prohibition of the use of billiard tables, and notice of such prohibition is a sufficient warning of the penalty imposed for the violation : Commonwealth v. Sellers, 130 Pa. 32. It is not necessary to discuss the power of the legislature to prohibit all use of billiard tables, in private families as well as public resorts, for in this respect the provisions of the act are not as broad as the title. The playing of billiards is not forbidden. The keeping for use, which is made unlawful, is to be understood in the sense in which that term is applied in designating a business or occupation, as we speak of keeping a grocery store or a tavern. The act forbidden is the keeping of billiard tables for the use of the public for hire, and the purpose of the enactment is by its terms clearly indicated to be the suppression of pursuits, " by which men and boys are allured to vice and idleness." That clause of the 1st section of the

act which attempted an extension of the prohibition to devices other than billiard tables, bowling-alleys, dice or card tables, went beyond the limits of the title and to that extent the act is invalid, but as to the devices specifically enumerated in the title, the legislation does not offend against the constitutional requirement.

The information upon which the proceeding before the justice of the peace was founded ought to have set forth every material element of the offense, and facts necessary to establish the jurisdiction of the justice. The offense was substantially charged in the language of the statute and the time and place of its commission were given, and to that extent the information was sufficient. The jurisdiction of the justice was not made apparent in the complaint, but the whole record is to be taken together and the jurisdiction of the justice is clearly established: Johnston v. Commonwealth, 22 Pa. 102. The borough of Wyalusing was, subsequently to the legislation in question, carved out of the township of the same name but it remained subject to the provisions of this local statute which was the law of the whole territory embraced by the township: Clifford v. Belsterling, 2 S. & R. 108; Lackawanna County v. Stevens, 105 Pa. 465.

It is not necessary to notice in detail the twenty assignments of error in this appeal. The findings of the justice are not sufficient to support any judgment. It is essential that the record of a summary conviction shall contain a finding that an act has been done by the defendant which falls within an unlawful class. The legislation with which we are now dealing did not prescribe a form of conviction for the violation of its provisions; and the judgment of the magistrate must stand upon the facts as found by him, and is not to be sustained or overthrown because of the evidence which has been sent up with the record but is no part of it: (Commonwealth v. Gipner, 118 Pa. 379); the only finding of facts shown by this record is, " Now after hearing their proofs and allegations, defendant Benjamin Ayers, is convicted of keeping a billiard or pool table for the use of the public, and fined $20.00 and costs." The keeping of a billiard table for use by the public, is not generally a penal offense in the commonwealth of Pennsylvania or the county of Bradford. It was not a penal offense throughout the entire territory over which

this magistrate had jurisdiction.   The cases in which such act is a penal offense are exceptional, and to sustain the imposition of a penalty the record. must show a finding that the act was committed in a place in which it was forbidden by law : Commonwealth v. Nesbit, 34 Pa. 398.   The magistrate having failed to find that the act of the defendant was done within that small district affected by this legislation his judgment cannot be sustained.   The finding of the magistrate is further defective for the reason that the device which the defendant is found to have kept is stated to have been " a billiard or pool table." Here is an alternative finding upon a question of fact.   Whether a pool table is a billiard table cannot be a question of law.   If they are different devices, then the keeping of a pool table is not forbidden by this legislation.   If they are the same thing, then there was no reason for placing the finding in the alternative.   We cannot say as matter of law that all pool tables are alike, nor can we say that some pool tables are in fact billiard tables while others may not be.   There seems to have been a controversy among the witnesses produced before the magistráte upon this very question.   It was the duty of the magistrate to definitely make up his mind what kind of a table this was, and find the facts upon the existence of which his power to sentence the defendant was dependent.

The judgment is reversed.