## Commonwealth v. Demas.

*Sunday Law of 1794—Conviction—Sentence—Record of justice.*

1. Under the Sunday Law of April 22, 1794, 3 Sm. Laws, 177, the conviction and the judgment or sentence provided for in section 4 are separate and distinct things, and a sentence imposing the penalty provided for in the act must be preceded by a conviction; that is to say, an express finding by the justice entered upon the record, showing what act or acts the defendant did which the justice considered to be a violation of the statute.

2. Where the record of a justice of the peace, in a proceeding before him on information charging a violation of the Sunday Law of 1794, contains no finding of facts, but states that defendant pleaded not guilty; that two witnesses testified that some candy was purchased "from the defendant's place of business" on the date named in the information, and that defendant testified that he conducted a restaurant and sold candy and ice cream, but only with meals, a sentence by the justice that defendant pay "Four Dollars fine and the costs" cannot be sustained because it is not supported by any conviction.

*Certiorari.* Q. S. Washington Co., Aug. Sess., 1924, No. 42.

*Howard W. Hughes,* for Commonwealth; *Vernon Hazzard,* for defendant.

Before Brownson, P. J., and Cummins, J.

BROWNSON, P. J.—The information in this case charged that the defendant kept "his place of business" open on Sunday for the purpose of doing business, and sold, or caused to be sold, "certain merchandise." The justice's record states that the defendant pleaded not guilty; that two witnesses testified that some candy was purchased "from the defendant's place of business" on the date named in the information (it not being stated who the witnesses said made the sale); and that the defendant testified that he conducted a restaurant and sold candy and ice cream, but only with meals. The record contains no finding of facts by the justice, but shows a sentence to pay "Four dollars fine and the costs."

The Sunday Law of 1794, a violation of which was charged against the defendant, provides (section 4) that either upon his own view, or upon credible testimony, or upon the confession of the party, the justice shall "convict the person who shall be guilty as aforesaid, and thereupon shall proceed to pronounce the forfeiture incurred by the person so convicted." The conviction and the judgment or sentence are separate and distinct things. Under the statute, a sentence imposing the penalty must be preceded by a conviction; that is to say, an express finding by the justice, entered upon the record, that the defendant has done some act which constituted a violation of the law. The act gives a form in which such a conviction may be made. The purpose of requiring this is that on *certiorari* the court reviewing the case may have before it the precise grounds upon which the justice proceeded in pronouncing

his sentence, and thus may be able to see whether the act or acts which are found from the evidence to have been done were correctly regarded by the justice as amounting to a violation of the statute. Accordingly, the authorities hold that a judgment or sentence cannot be sustained when it is not supported by a conviction finding what the defendant did, and stating this (directly or by reference to some other part of the record) with sufficient particularity to exhibit the nature and character of the act, and that the want of any such conviction cannot be supplied by setting forth testimony which, if believed, would be sufficient to warrant it: Com. v. Nesbit, 34 Pa. 398, 403; Com. v. Ayers, 17 Pa. Superior Ct. 352; Com. v. MacIntire, 4 Erie Co. L. J. 148. Just as, in a case tried by a jury, a sentence to pay a fine cannot be sustained in the absence of a verdict convicting the defendant, so in such a case as this there must appear upon the record an express conviction by the justice to authorize a sentence for the penalty.

The authorities are not altogether harmonious as to what use the court may make of the testimony in reviewing the case, and we shall not go into that question, but we may refer, for an illustration of the point just mentioned, to the testimony which is set forth in this transcript. If it be true, as the defendant seems to have testified, that the "place of business" referred to in the information and the testimony for the prosecution is a restaurant, and that the only candy which he sold, or caused or permitted to be sold, on Sunday was sold with and as a part of meals furnished in the restaurant, he clearly would not be guilty of a violation of the law; and there is in this record no finding by the justice to negative such a state of facts.

We think the sentence in this case cannot be sustained, because it is not supported by any conviction.

And now, Aug. 18, 1924, the judgment of the justice sentencing the defendant to pay a fine and costs is reversed.

From E. E. Crumrine, Washington, Pa.