## Commonwealth v. Samuel

*F. J. Hartmann,* for Commonwealth.

*Graham, Yost & Meyers,* for defendant.

GREER, J., October 1, 1938.—A writ of certiorari was allowed on the petition of defendant and the record of the magistrate duly filed.

The petition sets forth: (1) A complaint of violation of the Act of March 31, 1937, P. L. 168, a hearing and judgment against defendant in the total sum of $250 and costs; (2) the absence of any competent testimony showing the violation charged.

An inspection of the record discloses an information of F. D. Straney, plumbing inspector of the Borough of Portage, charging defendant with wilfully violating the Act of 1937, supra, in the Borough of Portage on or about May 6, 1938, the sections violated being 5, 9, 10, 67, 68 on Sherman Street, Portage, Pa., houses nos. 726, 711, 713, 811, and 729.

The record of the magistrate referring to the hearing and judgment thereunder reads:

"F. D. Straney Portage Boro. Insp. says the following sections of the Plumbing Act No. 44 was violated section 5-9-10-68 and 67 at house No. 726-711-713-811 and 729 all of Sherman St. Portage Boro. Chas. W Samuel, deft. failed to get a permit for said work, failed to have specifications of said work drawn up. Also failed to have the said work approved by the Portage Boro. Insp. F. D. Straney. Deft. fined $50 for each violation of the Act 44 making $250 for said violation."

The first exception relates to jurisdiction—that the action was not brought in the name of and for the use of the borough. We do not regard this as serious.

The second objection that there is nothing in the record to show that the action was brought with the knowledge,

consent, and authority of the borough, is of itself fatal to the proceeding: City of Harrisburg v. Williams, 6 D. & C. 196; the impelling reason being that the costs might be visited upon the municipality without its knowledge of any action in its name or behalf having been brought, with corresponding inability to have any voice in instituting such action.

The third, fourth, eighth, tenth, eleventh, and twelfth exceptions relate to the insufficiency of record as to any specific charges, and of any finding of any act in the testimony showing a violation of the sections quoted. These defects, too, are fatal.

It is essential that the record disclose the doing of something unlawful, not merely the statement that defendant violated some act of assembly or section thereof: Commonwealth v. Gipner, 118 Pa. 379; Commonwealth v. Ayers, 17 Pa. Superior Ct. 352.

The diversity in the various sections alone would require some testimony as to the particular violation of each. This is wholly wanting.

Exception 5 relates to absence of the date of any violation. This of itself might be fatal, but we do not base our conclusion upon it. And the same is true of exception 6 relating to the appointment of a plumbing inspector, although in such case we think the maxim that all things are presumed to have been done properly would apply. Exception 7 as to failure to produce blanks we likewise pass over without comment.

We are of opinion for the aforesaid reasons the conviction cannot be sustained.

## Decree

And now, October 1, 1938, upon due consideration, it is ordered, adjudged, and decreed that the exceptions nos. 2, 3, 4, 8, 10, 11, and 12 be sustained, the judgment of conviction reversed, and penalty and costs, if any have been paid, be remitted.