# Commonwealth *v.* Dukehart.

*Criminal law—Profane swearing—Record—Locus in quo.*

The appellate court will not reverse a conviction for profane swearing, because the docket of the justice of the peace does not show the county in which the offense was committed, if the information sets forth that fact.

The appellate court will not reverse a conviction for profane swearing, in the precise form permitted, if not peremptorily prescribed by the 4th section of the Act of April 22, 1794, although the record of the conviction does not show the alternative duration of imprisonment to be suffered on failure to pay the forfeiture or furnish a sufficient distress.

Argued March 18, 1901. Appeal, No. 10, March T., 1900, by defendant, from order of C. P. Franklin Co., Dec. T., 1898, No. 104, affirming order of justice of the peace in case of Commonwealth v. I. Frederick Dukehart, John W. Lohman and Harry Helman. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Certiorari to justice of the peace.

The information upon which the defendants were arrested was as follows:

"STATE of PENNA.,          }
   COUNTY of FRANKLIN.      } ss.

" On this 11th day of Oct., A. D., 1898, personally appeared before me a Justice of the Peace within and for the county aforesaid Harry Creager who being duly sworn according to Law Says that three Debts Fredric Dunkehart, John W. Lohman and Harry Hellman all of Waynesbyro, Franklin Co., did unlawfully on Sunday, October 9th, 1898, make themselves Drunk and disordly on the Public road in front of the affiants

House, in Franklin Co., Pa., and disturbed the Public Peace to the anoyance of the Neighborhood and made use of the following Oaths whare in the name of God was unlawfully used Dukehart five Jno. W. Lohman ten Harry Hellman five they wer all Intoxicated and Drank from a Large Bottle in the Public Road and futher affiant Saith not."

The material portions of the transcript of the justice were as follows :

" Now, Oct. 20, 1898, 9 A. M., Defts appear for a hearing. Charles Walters, Esq., appears for Defts after hearing the Evidence of Harry Creager, Laura Creager, Henry Ressler, Mary Ressler, John Lucket, Augustus Lucket, Mollie Gates, Wilson Fraker, Henry Minor, Hal Brown, John Lohman, I. F. Dukehart, Harry Hellman, Hiram Moats, Katie Moats. Decision continued to Saturday, Oct. 22nd, 1898, be it Remembered that on the 20th day of October, 1898, John W. Lohman, Constable, I. F. Dukehart, Chief of Police, Harry Hellman, Labor all of Waynesboro, Franklin Co., Pa., is convicted before me being One of the Justices of the county of Franklin of Swearing Seven profane Oaths by the name of God as follows : Lohman, four, I. F. Dukehart, two and Hellman, One and I do adjudge them to forfeit for the Same the Sum of Sixty Seven cents for each Oath as Follows : John Lohman, four Oaths, $2.68, I. Frederic Dukehart, two Oaths, $1.34, Harry Hellman, One Oath, 67 cents and costs of the suit the charge of Drinkin and Disorderly conduct is hereby dismissed for the want of Evidence given under my hand and Seal the day and year aforesaid."

The assignments of error to the conclusion were among others as follows :

2. The record does not show that the justice had jurisdiction, in that it does not set forth that the offense was committed within the county of Franklin.

3. The judgment is wrong in that it does not show the alternative duration of imprisonment as well as the amount of each fine inflicted.

8. The record does not contain the finding that a special act has been performed by the defendant, nor any one of them, nor does it discover or define it in such a way as to individuate and show that it falls within the unlawful class of acts. Nor does the record show a well defined act forbidden by law.

The court affirmed the judgment, JOHN STEWART, P. J., filing the following opinion:

The motion to quash the writ in this case is supported by no sufficient reason, and we dismiss it without discussion. The certiorari itself is quite as feebly supported, and no extended comment is necessary. It is clear beyond question that the justice had jurisdiction both of the cause of complaint and the parties charged; of the former, by virtue of the act of assembly, of the latter by reason of their appearance before his tribunal to answer the complaint. The record shows a specific act committed by the defendants, in violation of law, to wit: profane swearing, wherein the name of God was unlawfully used. Had the record followed the precise language of the act of assembly, the offense could not have been more clearly stated. It is true, the record does not show these defendants were above the age of sixteen years, but their nonage, if such were the fact, was matter of defense which should have been set up at the time.

The jurisdiction of the justice on the person and subject-matter once established, every presumption is in favor of the regularity of the proceeding.

And now June 13, 1899, judgment affirmed.

*Error assigned* was affirming the judgment and overruling the three assignments of error.

*Charles Walter*, for appellant.—The record of a summary conviction should show that the offense was committed within the county: Com. v. Wigoner, 1 Kulp, 66; Com. v. Davenger, 10 Phila. 478.

The judgment is wrong in that it does not show the alternative duration of imprisonment as well as the amount of each fine inflicted: Com. v. Irwin, 1 Clark, 408; Rex v. Dimpsey, 2 Term Rep. 96; Com. v. Borden, 61 Pa. 272.

*W. U. Brewer*, with him *O. C. Bowers*, for appellee.—The first assignment of error is ruled by Commonwealth v. Burkhart, 23 Pa. 521.

The act does not require the justice to show the alternative duration of imprisonment as well as the amount of each fine inflicted. This question is ruled by the case of Commonwealth v. Borden, 61 Pa. 272.

PER CURIAM, April 16, 1901:

It is true it was not set forth in so many words on the docket of the justice that the offense was committed within the county of Franklin, but the information, which for present purposes is to be taken as part of the record, set forth that fact, so that, taking the record as a whole, we cannot say that it fails to show that the justice had jurisdiction.

There is plausibility in the contention of defendant's counsel that the record of the conviction ought to show the alternative duration of imprisonment to be suffered on failure to pay the forfeiture or furnish a sufficient distress. But as the conviction is in the precise form permitted, if not peremptorily prescribed, by the 4th section of the act of April 22, 1794, 3 Sm. L. 177, we do not think the omission fatal to the judgment before us for review. See further Commonwealth v. Borden, 61 Pa. 272; and Commonwealth v. Wolf, 3 S. & R. 48.

The third assignment was not pressed on the argument of the case, and could not be successfully, as is clearly shown in the opinion of the learned judge below.

We do not think the motion to quash the appeal can be sustained, and, finding no error in the record, we affirm the judgment.