## Commonwealth ex rel. Riley *v.* Hudock, Appellant.

*Liquor law—Selling on Sunday—Penalty—Justice of the peace—Record—Place of selling—Act of February 26, 1855, P. L. 53.*

A judgment entered by a justice of the peace for the penalty prescribed by the Act of February 26, 1855, P. L. 53, for selling liquor on Sunday, cannot be sustained on certiorari where there is nothing on the record of the justice charging the defendant with having committed the offense within the county which limited the jurisdiction of the justice, and it does not appear that the defendant had waived the irregularity by appearing and going to trial.

Argued March 5, 1908. Appeal, No. 59, March T., 1908, by defendant, from judgment of C. P. Luzerne Co., May T., 1907, No. 8, sustaining judgment of justice of the peace in case of Commonwealth ex rel. W. L. Riley, Agent Anti-Saloon League, and to the use of the Middle Coal Field Poor District, as well as to himself, v. Michael Hudock. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Certiorari to judgment of justice of the peace. Before FULLER, J.

The opinion of the Superior Court states the case.

*Error assigned* was the judgment of the court.

*Thomas F. Farrell,* with him *Hugh A. Shovlin,* for appellant.

*James L. Lenahan,* for appellee, filed no printed brief.

OPINION BY PORTER, J., October 12, 1908:

This was an action of debt brought before a justice of the peace to recover the penalty, prescribed by the second section of the Act of February 26, 1855, P. L. 53, for selling liquors on Sunday. The justice entered judgment for the amount of the penalty against the defendant, who by writ of certiorari removed the record to the court of common pleas, by which court the judgment was affirmed. The defendant appeals.

The first section of the act of 1855 makes it unlawful for any person to sell liquors on Sunday, the second section imposes a penalty for the offense, to be recovered before any mayor, alderman, burgess or justice of the peace, as debts of like amount are now by law recoverable, in an action of debt brought in the name of the commonwealth, as well for the use of the guardians of the poor, for the overseers of the poor, of the township, ward or borough, as for the person suing; the third section provides that every person who shall violate the provisions of the statute shall, in addition to the civil penalty imposed by the second section, be taken and deemed to have committed a misdemeanor, and shall on conviction thereof, in any criminal court in this commonwealth, be fined in any sum not less than $10.00 or more than $100, and be imprisoned in the county jail for a period not less than ten or more than sixty days, at the discretion of the court. The action for the penalty, under the second section of the statute, while in form an action of debt, is in its nature and effect a proceeding for a criminal offense: Commonwealth v. Betts, 76 Pa. 465. Notwithstanding the general language used in both the second and third sections of the act, the action for the penalty prescribed by the second section as well as the prosecution for the misdemeanor provided for by the third section must be had in a court within the jurisdiction of which the offense was committed. The defendant in this case was duly served with a summons, but he did not appear, judgment having been entered against him by default, and he cannot be held to have waived any of the irregularities of the proceeding, as the defendant was held to have done by appearance and going to trial in Commonwealth v. Burkhart, 23 Pa. 521. The technical formalities of a summary conviction are not insisted on with the same strictness in an action for a penalty, which under an act of assembly or ordinance is to be recovered as debts of like amount are recoverable, yet the essential principles governing such proceedings, necessary for the protection of the citizens, have never been relaxed and many of them are as applicable to an action, which in its nature and effect is a proceeding for the punishment of a criminal offense, although in form an action of debt, as to a summary conviction:

Commonwealth v. Davison, 11 Pa. Superior Ct. 130.  The law does not require a formal written complaint in actions of debt of this character, but in the present case the plaintiff saw fit to put his complaint in writing and the justice entered it at length upon his docket and embodied it in the transcript as a part of the record proper, as the basis of the action.  Had the complaint as thus entered by the justice in his record set forth all the elements sufficient to constitute an offense under the statute and within the jurisdiction of the justice, then a finding that the defendant was guilty of the offense charged and the entry of judgment against him for the penalty would have been sufficient: Garman v. Gamble, 10 Watts, 382.  Had there been no written complaint setting forth the time, place and manner of the commission of the offense, but had the judgment embodied a finding that the defendant had, within the county which limited the jurisdiction of the justice and at a certain time performed the act necessary to constitute the offense, that would have been sufficient to sustain the judgment for the penalty.   President Judge Rice said, in Commonwealth v. Davison, 11 Pa. Superior Ct. 130, "It is essential that the record shall contain a finding, set forth in express terms, or to be implied with certainty, that a special act has been performed by the defendant, and that it shall describe or define it in such a way as to individuate it, and show that it falls within an unlawful class of acts."   It should always be made to appear in the record that the offense was committed within the jurisdiction of the justice.  The record in the present case cannot reasonably be said to indicate, either in the statement of the offense with which the defendant was charged or in the judgment entered by the justice, that the offense was committed within the county of Luzerne, or even in the state of Pennsylvania.  This defect is fatal to the validity of the judgment.  The case is ruled by Commonwealth v. Davison, supra, and Commonwealth v. Phelps, 170 Pa. 430.

The judgment of the court of common pleas of Luzerne county and the judgment of the justice of the peace are reversed.