# Commonwealth *v.* Tryman, Appellant.

*Justice of the peace—Record—Certiorari—Exceptions—Appeal —Interlocutory order.*

Where on certiorari to the judgment of a justice of the peace, exceptions were filed to the effect that the justice had not returned the record as it actually was, but had added thereto, and the Court of Common Pleas dismisses the exceptions, the appellate court will not decide the question of fact involved, but is bound by the record as certified and returned by the justice.

It seems that an order of the Common Pleas upon certiorari to a justice of the peace merely overruling exceptions to his record is not a final judgment from which an appeal can be taken.

*Justice of the peace—Summary conviction—Joinder of three offenses—Drunkenness—Profanity—Disorderly conduct.*

Drunkenness, profanity and disorderly conduct may be joined in one complaint, and the justice of the peace in convicting the defendant may impose three separate sentences upon him, one for each offense.

A summary conviction will not be set aside on the ground that the transcript of the justice did not set forth a place where the offense was committed; and especially is this the case where the information upon which the conviction was based sets forth the place.

Where a person is convicted of drunkenness, profanity and disorderly conduct and is sentenced by the justice to a fine of sixty-seven cents for drunkenness, sixty-seven cents for profanity and one dollar for disorderly conduct or thirty days in jail, the alternative sentence of thirty days in jail applies only to disorderly conduct inasmuch as the justice could not impose a jail sentence for profanity for more than twelve hours, or for intoxication for more than twenty-four hours. The fact that the alternative jail sentences for profanity and drunkenness are omitted, is not material.

A person may be convicted of drunkenness under the Act of April 22, 1794, P. L. 178, although the act designates the offense as "intoxication."

Argued Oct. 26, 1915. Appeal, No. 266, Oct. T., 1914, by defendant, from order of C. P. Blair Co., June T.,

242    COMMONWEALTH *v.* TRYMAN, Appellant.

1914, No. 338, overruling exceptions to record of justice of the peace in case of Commonwealth v. Nelson Tryman. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Certiorari to summary conviction before a justice of the peace.

The complaint upon which the proceedings were based was as follows:

Before me, J. L. Haffley, one of the aldermen in and for said city, in the State of Pennsylvania, personally appeared George Buchanan, of Altoona, Pa., who being duly sworn according to law, saith that on the 31st day of July, A. D. 1914, Nelson Tryman, did at Altoona, get drunk and behave in a very disorderly manner, and use profane language and create a disturbance and breach of the peace, and deponent prays he be arrested for drunkenness and disorderly conduct and profanity. Information made from information received.

The material portion of the record of the justice was as follows:

Now, August 10, 1914, parties appear at hour of hearing: Thomas Bailey, Lloyd Ferry, George Hiser, C. Homer, James Stromyer, Mrs. Joseph Otterbein, Mrs. Frank Buchanan, Mrs. James Walker, Margaret Buchanan, Flora McCracken, George Buchanan, sworn for Commonwealth; Nelson Tryman, James Robb, Blair Dunn, Mrs. Nelson Tryman, sworn for defense. After hearing witnesses for Commonwealth and defense alderman reserved decision till August 12, 1914, at 7 o'clock, p. m. Now, August 12, 1914, Nelson Tryman, the defendant, is found guilty of charges. For drunkenness sentenced to pay a fine of 67 cents, for profanity to pay a fine of 67 cents, for disorderly conduct, sentenced to pay a fine of $1.00 and costs on docket or 30 days in jail. Given under my hand and seal this 12th day of August, 1914, 7 o'clock, p. m.

241, (1916).]   Statement of Facts—Opinion of the Court.

The exceptions were as follows:

The record does not show that the defendant was convicted under any law of the State of Pennsylvania.

The alderman having once made up the record and set forth the conviction of defendant, and upon that record the defendant relied to take the certiorari, the alderman cannot add to that record after giving copy of the original record to defendant.

There are three distinct and separate offenses charged against the defendant in one complaint and there are three separate convictions and sentences.   For this reason alone the record is defective.

The record does not show in what county the alleged offenses were committed.

The sentence of defendant is thirty days in jail in default of payment of fines.   This is illegal for the reason that there is no warrant for an imposition of a joint sentence for three separate offenses.

The court dismissed the exceptions.

*Error assigned* was order dismissing the exceptions.

*R. A. Henderson,* for appellant.

*Edwin L. Dively,* of *Dively & Dively,* for appellee.

OPINION BY TREXLER, J., March 1, 1916:

The defendant was charged before an alderman of the City of Altoona with drunkenness, profanity and disorderly conduct, and after hearing was convicted of the three several offenses, and sentenced in each.   Upon certiorari to the Common Pleas, the conviction as to disorderly conduct was set aside, but as to the other offenses, the exceptions were dismissed.   No judgment was entered affirming the judgment of the justice.   In Com. v. Nichols, 38 Pa. Superior Ct. 504, this court stated, "We are not willing to commit ourselves to the proposition that an order upon certiorari to a justice of the peace

merely overruling exceptions to his record is a final judgment from which an appeal can be taken." We will, however, consider the case as if there were no question as to its proper submission.

It is alleged by the appellant that the justice of the peace did not return the record as it actually was, but that he added thereto. The lower court dismissed the exceptions. We cannot now undertake to decide the question of fact involved in the controversy. We are bound by the record as certified and returned by the justice. Having taken this view in the case, we need not now consider such objections as are urged to the partial record, and which do not apply to the complete record.

The remaining objections urged are as follows:

First: There are three distinct and separate offenses charged in one complaint, and three sentences imposed.

The rule as to joinder rests on a technicality which will not stand in the way when the interest of the defendant is not jeopardized: Com. v. Dudley, 46 Pa. Superior Ct. 337. Even if the offenses were different and separate offenses, it is no objection that separate offenses of the same nature are joined against the same defendant. In misdemeanors no objection can be made to joining several in the same indictment, in any stage of the proceeding: Com. v. Gillespie, 7 S. & R. 469.

Second: Defendant claims that the place where the offenses were committed is not set forth in the transcript. The defendant was charged with violating the Act of April 22, 1794, "It was the obvious intention of the legislature when they introduced into the fourth section of said act, a form of conviction to guard against reversals for want of technical niceties. The form is general without stating the time or place where the offense was committed": Com. v. Wolf, 3 S. & R. 48. When the form which the act permits to be used does not require the items of time or place to be set out, we may well conclude that they are not essential to the record, although usually set forth in other cases of summary conviction. Our

court has decided in Com. v. Dukehart, 17 Pa. Superior Ct. 71, that the omission to state the place in the docket, is not a reversible error when the information sets forth the fact. The information in this case does set forth the place. See also Poor v. Zinck, 1 Ashmead 64.

Third: The defendant urges that the record shows a fining of the defendant and an alternative sentence of thirty days' imprisonment, the alternative sentence being general and applying to each offense. We do not think the objection is well taken. The thirty days' imprisonment evidently applies to the disorderly conduct. The court having sustained the exception as to this, we have nothing to do with it. That conviction has been set aside. Under the Act of 1794, the justice could not commit for thirty days. The alternative sentence for profanity is a period of not more than twelve hours, and for intoxication not more than twenty-four hours. It is evident, therefore, that the justice omitted to put upon his record the alternative sentences in the profanity and drunkenness charges. These he was not required to set out in his docket. Com. v. Borden, 61 Pa. 272, decides that. Under the language of the act, the imprisonment is not a part of a sentence, but is "a part of the warrant to levy for forfeiture."

Fourth: The defendant attempted to distinguish between drunkenness and intoxication, alleging that he was charged with drunkenness before the justice and that the Act of 1794 refers to intoxication. Defendant knew with what offense he was charged, and the justice in his record referred to the Act of April 22, 1794, and it would certainly be an excess of refinement to draw any distinction between the terms used.

We find nothing on the record which would justify a reversal.

Judgment affirmed.