## Commonwealth v. Wheeler

*J. Francis Yake,* for Commonwealth.
*George Schwartz,* for defendant.

SHEELY, P. J., December 27, 1940. — Defendant was charged before Floyd N. Hartman, justice of the peace of Franklin Township, Adams County, with operating a motor vehicle in Franklin Township at a rate of speed of 65 miles per hour in violation of subsection (b) 6, sec. 1002, of The Vehicle Code of May 1, 1929, P. L. 905. The information was made on July 23, 1940, and, on the same date, the justice sent a copy thereof to defendant by registered mail, together with notice that "you have 10 days to arrange for a hearing, or you can mail your check for $12.25 covering fine and costs". Defendant ignored the notice and, on August 19, 1940, the justice sent him a second copy of the information and a notice that "unless you make arrangements for a hearing within 10 days, or mail your check for $12.38 covering fine and costs, there will be a warrant issued for your arrest." Defendant ignored this notice; a warrant was issued and served upon him, and he then waived a summary hearing and gave bail for court.

When the case was called for hearing defendant stated that he wished to attack the proceedings on technical grounds only and moved to quash the information for two reasons: (1) The information alleged that the justice of the peace was a justice of the peace within the municipal subdivision of Franklin Township but did not allege that he was the nearest available justice of the peace within the township; (2) The notice sent to defendant by the justice of the peace did not fix a time when defendant was to appear before him.

Section 1201 of The Vehicle Code, as amended by section 31 of the Act of June 27, 1939, P. L. 1135, 75 PS §731, provides that informations charging violations of any of the summary provisions of this act shall be brought "before the nearest available magistrate within the city, borough, incorporated town, or township where the alleged violation occurred", with the exceptions therein mentioned. The question here presented is whether an information is void if it fails to set forth the fact that the magistrate before whom it is brought is the nearest available magistrate within the township where the alleged violation occurred.

We have been referred to no case and have found none holding that a summary proceeding must be dismissed under these circumstances. In Commonwealth v. Ayers, 17 Pa. Superior Ct. 352, 357 (1901), it was said:

"The information upon which the proceeding before the justice of the peace was founded ought to have set forth every material element of the offense, and facts necessary to establish the jurisdiction of the justice."

It was held, however, that since the whole record, taken together, clearly established the jurisdiction of the justice, this defect was not fatal. But, where the record does not show the jurisdiction of the justice, a conviction will be set aside on certiorari: Commonwealth v. Phelps, 170 Pa. 430 (1895); Commonwealth ex rel. v. Hudock, 37 Pa. Superior Ct. 176 (1908); Commonwealth v. Brewer, 18 D. & C. 339 (1932). In Commonwealth ex rel. v. Hudock,

supra, which was a suit for a penalty, the court said (p. 178):

"It should always be made to appear in the record that the offense was committed within the jurisdiction of the justice", and the court then pointed out that such jurisdiction should be set forth in the complaint or in the judgment. On the other hand, where the place of commission of the offense is omitted from the docket, it is not reversible error if the facts showing jurisdiction are set forth in the information: Commonwealth v. Dukehart, 17 Pa. Superior Ct. 71 (1901); Commonwealth v. Tryman, 62 Pa. Superior Ct. 241, 245 (1916).

The rule to be deduced from these cases would seem to be that the record of the justice of the peace should contain the facts showing his jurisdiction and, while such facts should be set forth in the information, it is sufficient if they appear elsewhere in the record.

The present case is not before us on certiorari which would bring up the entire record, but on a waiver of a summary hearing under section 1204 of The Vehicle Code, supra, which brings up only the original information. Under this procedure the "record" is made in the court of quarter sessions, and the question of whether the justice of the peace had jurisdiction to entertain the information could then be determined upon the testimony. In fact, under section 1201 of The Vehicle Code he would have jurisdiction of an offense occurring within his township unless another justice of the peace in the same township was nearer to the point of the alleged violation and was available to receive the information, and even then, if there were no substantial difference between the respective distances from the place where the alleged violation occurred to the offices of such justices of the peace. These facts can be established only by testimony and we therefore conclude that the present information, alleging that the offense occurred in Franklin Township and showing on its face that the justice of the peace was a justice of the peace of that township, is sufficient to require de-

fendant to appear and answer the charge. The cases of Commonwealth v. Fry, 84 Pitts. 268 (1936), and Commonwealth v. Harned, 84 Pitts. 509 (1936), relied upon by defendant, were before the court on certiorari, and are, therefore, not contrary to this conclusion.

Defendant further contends that the notice sent to defendant was insufficient in that it failed to fix a time when defendant was to appear. The answer to this contention is that the notice required by section 1202 of The Vehicle Code is not a summons, nor is it intended to be in the nature of process. In this respect it differs from the case of Murdy v. McCutcheon et ux., 95 Pa. 435 (1880), relied upon by defendant.

Under section 1202 the magistrate is required to send defendant a copy of the information together with "a notice to appear *within* ten (10) days of the date of the written notice", and it further provides that if the person named "shall not voluntarily appear *within* ten (10) days of the date of the written notice, a warrant shall *then* issue . . ." (Italics supplied.) Defendant is entitled to appear at any time within the ten-day period, and no warrant may issue until that period has fully elapsed. The clear purpose of this provision of the code is to relieve defendant of the expense and burden of process by giving him an opportunity to appear voluntarily. While the notice used in this case is not exactly in the language of the statute, we think the justice of the peace complied fully with the legislative intent by notifying defendant that he had 10 days within which to arrange for a hearing or to pay the fine and costs.

And now, December 27, 1940, defendant's motion to quash the information is dismissed and it is ordered that a hearing be held on the information on Friday, January 24, 1941, at 1:30 p.m., at which time defendant may challenge the jurisdiction of the justice of the peace on the facts or may contest the case on its merits.