## Commonwealth v. Blubaugh

*LeRoy S. Maxwell*, district attorney, for Commonwealth.

*Roy S. F. Angle*, for defendant.

320

WINGERD, P. J., February 3, 1948—This matter comes before the court on certiorari to H. S. Geiselman, justice of the peace. The record discloses that on July 10, 1947, George E. Rock made information before the justice of the peace as follows: "On this 10th day July, A. D. 1947, personally appeared before me a Justice of the Peace within and for the County of Franklin, George E. Rock Constable or, who being by me duly sworn according to law, says that on ————— the 10th day of July A.D., 1947, at ————— The above named defendant is charged with removing a stone on a line fence and removing a trespass sign erected thereon. Said defendant was trespassing on this land on June 22 to June 29, thus a charge is brought against the above named defendant with trespassing on posted land. Above occurrence took place on the lands of George E. Rock in Quincy Township at above named address, and further saith not.", and, after a recital of the substance of the testimony received at hearing, the following: "The defendant was found guilty of removing a stone from a line fence erected thereon and trespassing on posted land." This was the decision of the squire. On the above date the squire decided that defendant should pay a fine of $10 and costs for the above offense of trespassing on posted land of said plaintiff, George Rock.

The record does not show that any objection was made to the information at the hearing which was held. The information is very indefinite and incomplete and in fact does not properly charge any crime or misdemeanor known to the law of Pennsylvania. We assume that what was intended, or at least all that can be inferred from the wording of the information, was an effort to charge defendant with malicious mischief to land marks, under section 952 of The Penal Code of 1939, P. L. 872, which is a misdemeanor, and trespass upon posted land, under section 954 of The Penal Code of 1939, which is the subject of a summary conviction.

Neither of these offenses is properly charged but, as no objection was made to the information and the hearing was held, we will assume that defendant waived objection to the sufficiency of the allegations in the information. However, it will be noticed that the information nowhere charges that the land in question is located in Franklin County, Pa., and it does not appear in the evidence set forth in the record of the justice of the peace where the land is located. It is necessary for the information to show, either directly or by implication, that the offense with which defendant was charged was committed in the county in which the prosecution is brought. Otherwise, the justice has no jurisdiction of the case: Commonwealth v. Simon, 22 Dist. R. 83; Commonwealth v. Phelps, 170 Pa. 430, 432. However, the court might take judicial notice that Quincy Township is in Franklin County, Pa.: Commonwealth v. Radomski, 55 D. & C. 77, 78. The place or location of the land does not appear in the record of the evidence but such omission may be rectified by referring back to the information: Commonwealth v. Dukehart, 17 Pa. Superior Ct. 71, 74.

Defendant, however, does except to the fact that a misdemeanor and an offense, the subject of a summary conviction, are joined in one information. The record shows that the only fine imposed was for trespassing on posted land. In other words, sentence was only imposed in reference to the offense referred to in the information, which was the subject of a summary conviction. We do not feel that it is necessary to consider fully this exception as there are other matters to which we will hereinafter refer which we hold are fatal defects and, therefore, a definite decision on this exception is not necessary.

Defendant's fifth exception is "The record does not show a trespass."

It has been held in reference to the Act of April 14, 1905, P. L. 169, which is the basis of section 954 of The

Penal Code of June 24, 1939, P. L. 872, 18 PS §4954, having to do with trespassing on posted land, in Commonwealth v. McSherry, 32 D. & C. 215, 216:

"To sustain a conviction under this act it is incumbent upon the Commonwealth to prove that the land in question was posted as required by the statute, and that defendant wilfully entered upon such lands. Both elements are essential, and if either element is lacking no conviction can be had: Commonwealth v. Simon, 22 Dist. R. 83 (1912) ; Commonwealth ex rel. v. Zdnosky, 21 Dist. R. 1052 (1912).

"In all cases of summary convictions the record of the justice of the peace must contain a finding that a special act has been performed by defendant, so described or defined as to show that it falls within an unlawful class of acts, and the substance of the testimony of the witnesses must appear: Commonwealth v. Borden, 61 Pa. 272 (1869) ; Commonwealth v. Nesbit, 34 Pa. 398 (1859)."

The substance of the testimony produced at the hearing as it appears in the record does not set forth that there was any testimony produced before the justice of the peace that defendant had trespassed upon any land. The Commonwealth seems to admit this, but on the authority of Commonwealth v. Tryman, 62 Pa. Superior Ct. 241, 244, contends that, as the information sets forth a trespass, that is sufficient. Commonwealth v. Tryman, supra, merely holds with Commonwealth v. Dukehart, 17 Pa. Superior Ct. 71, supra, that the place where the acts charged occurred may be ascertained from the information, if it does not appear in the record of the substance of the evidence taken. It also intimates that this might be done as to the time. These two matters of time and place are wholly different than the very essence of the action, that is, the act of trespassing. Such a fact cannot be shown or inferred from the information which only ". . . is filed for the purpose of instituting the proceedings and in-

forming defendant of the charges against him. It cannot be accepted as evidence to sustain a conviction as it is merely an ex parte statement as to which defendant has no opportunity of cross-examination": Commonwealth v. McSherry, supra.

Section 954 of The Penal Code, above referred to, provides that the trespass, which must be shown to sustain a conviction for its violation, is a wilful trespass on lands, "which the owner, lessee or occupant has caused to be prominently posted with printed notices that the said land is private property, and warning all persons from trespassing thereon under the penalties provided in this section. . . ." As hereinbefore stated, to sustain a conviction for a violation of this section, it must be shown that the land in question was posted as required by the statute. Otherwise, a trespass would not be a trespass in violation of the act. There is nothing in the substance of the evidence produced before the squire, as set forth in the record, which shows that any land was posted as required by the statute: Commonwealth v. Kashmerick, 71 Pitts. L. J., 102, 103. There is no statement from which such a fact could be found, either directly or by inference. There is no finding by the justice of the peace which either directly or by reference finds defendant guilty of a wilful trespass on lands posted in accordance with section 954 of The Penal Code of 1939.

As the record shows no evidence to support a finding by the justice of the peace that defendant was guilty of an unlawful act, that is, a violation of section 954 of The Penal Code of 1939, the conviction and sentence of defendant cannot be sustained, even were it in proper form, which it is not.

The transcript returned to this court fails to show the date on which the hearing was held and the date when the justice entered his finding of guilty and imposed sentence. These dates should appear.

Defendant's fifth exception is sustained.

Now, February 3, 1948, the proceedings before the justice of the peace are reversed and the judgment of the justice of the peace is set aside.