310

## Davis v. Stains

*Edwin D. Strite,* for plaintiff.

*Daniel W. Long* and *George E. Wenger,* for defendant.

WINGERD, P. J., June 25, 1948.—This matter comes before the court on a complaint in an action in mandamus and preliminary objections thereto. The complaint alleges that in a prosecution brought before defendant, a justice of the peace, under the Act of June 1, 1937, P. L. 1127, sec. 6, 31 PS §7, which is a summary proceeding, for having in possession, selling, etc., adulterated food, a hearing was held before defendant; that after hearing evidence defendant directed plaintiff to give bond for the next term of court; that defendant filed a transcript in the court of quarter sessions, which falsely stated that plaintiff was found guilty and sentenced to pay a fine of $100 and costs; and that the attorney for plaintiff directed plaintiff to give $300 bond for his appearance at the next term of court. The complaint prayed for an order upon defendant, the justice of the peace, commanding him to enter upon his docket the proceedings which actually took place and substitute for the transcript filed, a transcript of the record as corrected. Attached to the complaint is a copy of a letter written by the attorney for plaintiff to defendant advising him of the false entries upon his record and suggesting that he petition the court to withdraw the transcript filed and file

one which accorded with the facts, and a copy of a letter from defendant stating that he did not intend to petition the court to withdraw the transcript filed as it correctly set forth the facts and proceedings before him; that he had passed sentence when the attorney was out of the room with defendant's son; that on the attorney's return, after some conversation (referred to in letter) that the attorney had asked him to accept Frank Keller for bail for an appeal and to file his transcript.

The preliminary objections are on the ground that the allegations in the complaint are insufficient to support an action in mandamus.

Mandamus is at common law a prerogative writ but although in some instances it retains its prerogative character, "it is not now regarded as such, but is generally viewed as nothing more than an ordinary action or proceeding at law between the parties in which the performance of a specific duty is sought to be enforced, or as an ordinary process in cases to which it is applicable": 34 Am. Jur. 811, §5.

"The writ of mandamus is used to stimulate action pursuant to some legal duty and not to cause the respondent to undo action already taken, or to correct or revise such action, however erroneous it may have been. Hence, it cannot be made to serve the purpose of a writ of error or an appeal": 34 Am. Jur. 813, §8.

"To warrant the court in issuing the writ, it must appear that the complaining party has a clear legal right to the performance of the particular duty sought to be enforced and that he has no other plain, adequate, and complete method of redressing the wrong or of obtaining the relief to which he is entitled, so that without the aid of the writ, there would be a failure of justice": 34 Am. Jur. 835, 837, §42.

"In order to bar the issuing of the writ, it is not necessary that the other remedy be available at the time of applying for the mandamus; if the petitioner

had a clear legal remedy, adequate to enforce his rights, of which he failed to avail himself and which he lost through his own neglect, the writ will not lie": 34 Am. Jur. 837, 838, §42. The writ cannot be used "to perform the function of an appeal or writ of error even though no appeal or writ of error be permitted by law": Kaufman Construction Co. v. Holcomb et al., 357 Pa. 514, 520.

In the instant case the action of mandamus is invoked to compel a justice of the peace to eradicate from his record a judgment of conviction and sentence in a summary conviction on the ground that he did not find defendant guilty and did not sentence him but directed him to give bond for his appearance at the next term of court, which defendant did. The record of the justice of the peace, which is made a part of the complaint, sets forth "After hearing all of the evidence offered and having considered same defendant, J. M. Davis, was found guilty and sentenced to pay a fine of $100 and the costs of prosecution.

"Same day, attorney Edwin D. Strite, for defendant, indicated that an appeal would be taken and directed defendant to give $300 bond for his appearance at the next term of court. The previous cash bond was returned to defendant."

The record of the justice of the peace shows a conviction and sentence, so as a fact he did make such adjudication. He may have made it improperly without the knowledge of plaintiff or his attorney, or not in the presence of either, or he may have made it erroneously in other respects but as it appears in his record, over his signature and official seal, it was surely made. If it were made when plaintiff, defendant in the summary proceeding, was not present, there is authority that it would not be invalid: Denzin v. Commonwealth, 3 Pa. C. C. 654; Commonwealth v. McAndrews, 3 Lack. L. N. 339. See Lynch v. Commonwealth, 88 Pa. 189; 15 Am. Jur. 113-114, §455. At

any rate the action of the justice of the peace in this regard can be passed upon by the court on certiorari: Grim v. Reinbold, 3 Dist. R. 668; Commonwealth v. McAndrews, 3 Lack L. N. 339. As the prosecution before the justice of the peace was a summary proceeding, it was his duty to find defendant guilty, not guilty, dismiss the proceeding, or continue the hearing to some other time. He had no right to hold defendant for court or require defendant to give bond to appear at the next term of the court of quarter sessions. If he did not dispose of the summary conviction in a legal way, there might have been some ground for the Commonwealth to obtain an order to compel him to make a disposition of the case in one of the ways provided by law for the disposition of a summary proceeding by a justice of the peace. Taking the facts alleged by plaintiff as true, if the record in the present case were amended as plaintiff would have it, it would plainly be the duty of the justice of the peace to decide the case and render judgment and plaintiff would be just where he was when the present record was made and transcript furnished him. There is no allegation that the justice of the peace found defendant not guilty or that he dismissed the proceeding, only that he directed defendant to give bond to appear at the next term of court. There is no allegation in the complaint that plaintiff's attorney did not indicate that an appeal would be taken. Plaintiff would have this court order the justice of the peace to undo that which was within his jurisdiction and discretion to do and which he did, namely, find plaintiff guilty in the summary proceeding and sentence him, because he did it improperly and not in a legal manner. To say he did not do it can be of no avail, for his record shows he did it, although he may have done it at a time or in a way which renders it vulnerable.

There were other remedies than mandamus available to plaintiff, if the conviction and sentence entered

against him were illegally entered. He could have petitioned the court for the allowance of an appeal or writ of certiorari. An appeal ordinarily will be allowed if oppression, corruption or disregard of law by the justice of the peace is alleged and, on appeal, the case is fully heard and any injustice done defendant can be corrected. There is authority that on certiorari, which must also be allowed, fraud, partiality or corruption may be shown by parol evidence, or that the justice has made up a false record, if the exceptions so state: Sub. Ct. Practice in Penna., Valentine, pages 541-542; Commonwealth v. Tryman, 62 Pa. Superior Ct. 241, 243-244. The general rule is, however, that a certiorari only brings up the record for review and anything not appearing on the record is inadmissible. The record ordinarily imputes verity.

Plaintiff contends that it is the duty of the justice of the peace to keep a docket and as this docket is, as he alleges, not correct, he should be ordered to correct his docket. It is true that it is the duty of a justice of the peace to keep a docket. It is also his duty to make up a transcript for a party involved in the proceeding. If he failed to make a record or furnish a transcript, an action in mandamus might well lie to compel him to do so, for there would be no record from which to appeal or to bring up on certiorari or no transcript to be filed. The justice of the peace had failed to perform a ministerial duty clearly imposed upon him by law. That is very different from the instant case. Here we have a record and a transcript but it is contended the record does not correctly state what occurred at the hearing. If an action in mandamus can be maintained for such purpose, then it can be maintained in every case where a diminution of the record is alleged or any inaccuracy is averred, even in the substance of the evidence heard. This is clearly not so, for such matters can be redressed on certiorari or appeal.

In Commonwealth ex rel. v. Thomas, 163 Pa. 446, the lower court made a decree for a peremptory man-

damus to the register of wills and the Supreme Court, in reversing the lower court, states in reference to mandamus, pages 450-451:

"Gibson C. J. in Com'lth. v. Mitchell, 2 P. & W. 517, says: 'It however involves an exercise of extraordinary power, which fits it for use only in extraordinary cases, where there would otherwise be a failure of justice.' Lord Kenyon in King v. Bristow, 6 D. & E. 168, says: 'The best way of preserving this beneficial writ, is to be sparing in the use of it.' And the authorities are uniformly to the point that, unless there be a grievance which cannot be otherwise adequately remedied, the writ cannot be successfully invoked.

"On the appeal to the Orphans' Court, necessarily all the evidence taken before the register will be before it, and all the questions raised by the evidence will be passed upon. . . .

"As every question necessarily comes before the Orphans' Court on the appeal, the appellees have a complete and adequate remedy to which this mandamus cannot, in the least, contribute. Therefore the decree of the court below, for that reason and that alone, is reversed at costs of appellee."

In the instant case an appeal would bring the whole prosecution before the court of quarter sessions and plaintiff would have a complete and adequate remedy for any unfairness or improper action of the justice of the peace so far as his rights as defendant in the prosecution are concerned. In an appeal the action of the justice of the peace has no effect or evidential value and any injustice done plaintiff by the entry of a conviction and sentence on the record of the justice of the peace could be corrected. A mandamus would give him no greater remedy and is not necessary to prevent a failure of justice.

The action in mandamus cannot be sustained. However, under all the circumstances this court is inclined, if a proper petition for allowance of an appeal nunc

316

pro tunc, setting forth good cause therefor, is presented within a reasonable time, to allow an appeal nunc pro tunc.

Now, June 25, 1948, the preliminary objections are sustained and the action is dismissed, at costs of plaintiff.