# G. F. Wilke, Appellant, v. David Campbell.

*Landlord and tenant—Lease—Waiver of statutory notice to quit.*

A waiver of the statutory notice to quit may be made by the tenant and such waiver arises by necessary implication where the lease contains a stipulation which could have been introduced for no other purpose than as a substitute for the statutory provision.

*Justice of peace—Appeal—Essentials of record.*

Where a justice sets forth in his record the material, jurisdictional averments of a petition, his finding that they were sustained in all particulars is sufficient, without further repetition, to sustain the judgment.

Submitted April 21, 1897.   Appeal, No. 145, April T., 1897, by plaintiff, from decree of C. P. Washington Co., Aug. T., 1896, No. 41, dismissing plaintiff's exceptions to record of justice. Before Rice, P. J., Wickham, Beaver, Reeder, Orlady, Smith and Porter, JJ.   Affirmed.

Certiorari from justice of the peace before whom proceedings were started for the possession of property under the landlord and tenant act of December 14, 1863.   Before Taylor, J.

The facts appear from the opinion and decree of the court below, which are as follows:

In a proceeding by a landlord, before a justice of the peace, to regain possession of demised premises, when the term was fixed, ended on a day certain and has expired, under the act of December 14, 1863, where the judgment of the justice is:—that the tenant shall immediately deliver full possession to the lessor of the said demised premises, the record of the justice brought into the court of common pleas on a writ of certiorari must show a compliance in the proceedings before him, with every essential jurisdictional fact required by said act, or what amounts to a waiver thereof in any particular essential by the tenant before the judgment will be affirmed.

One of the essential jurisdictional facts required by said act, and which must appear in the record of the justice of the peace is, "that three months' previous notice had been given" of the lessor's desire to repossess the premises so demised of which the

term has ended, or in the absence of the record disclosing that the three months' statutory notice was given the tenant, it must sufficiently show that the tenant had agreed to less than the three months' notice required by said act, or had previously waived all notice, or agreed to deliver up possession at the end of his term without further notice to quit. If, however, this position should be questioned, the authorities holding that the tenant may waive the statutory notice are sufficient to dispose of it. See Hutchinson v. Potter, 11 Pa. 472; McCanna v. Johnston, 19 Pa. 434; Wilgus v. Whitehead, 89 Pa. 131; Killeen v. Haddock, 4 Kulp, 408; Kaiher v. Leahy, 15 C. C. R. 243; and see Logan v. Herron, 8 S. & R. 459, on the question of no notice necessary when the term is to end on a day certain.

In the case before us the record of the justice sets out that on "May 23, 1896, David Campbell appears and makes complaint on oath, that on the 15th day of January, 1896, he was quietly in possession of a certain tenement, with the appurtenances, situate on the north side of East Lincoln avenue, in the borough of McDonald; that on the last mentioned day he leased said premises to a certain G. F. Wilke, merchant tailor, for a certain term of two and a half months, or until the first day of April, 1896, for the monthly rent of ten dollars, payable monthly in advance, which said term is fully ended. That the said David Campbell being desirous, upon the expiration of said term, to have again and repossess the said premises, for that purpose did give 30 days' notice to the said G. F. Wilke to remove from and leave the same according to the express and written agreement between the lessor and lessee, and the said G. F. Wilke having hitherto refused, and still refusing to comply therewith he makes this complaint, that such proceedings may be taken as directed by the Act of Assembly in such cases made and provided."

Then follows the usual record of summons; return of service, hearing of parties and witnesses under oath, and judgment for lessor and certificate, etc.

[Here we find the record states clearly, fully, directly, absolutely and unqualifiedly, that the term was for two months and a half; when it began and ended; that it was ended when this proceeding was commenced; that the tenant still held possession of the premises, in effect under said lease, and refused to

deliver possession of the same and that the lessor " did give 30 days' notice to the said G. F. Wilke to remove from and leave the same according to the express and written agreement between the lessor and lessee."] [1]

[The justice has found as a fact that the tenant expressly agreed to thirty days' notice to quit instead of the statutory notice and set it forth in his record,] [2] upon which record alone we must dispose of the assignments of error on the question of notice in this proceeding on certiorari. If he erred in his findings of fact the remedy for the lessee pointed out by the act under which this proceeding was conducted, was by an appeal within ten days after the rendition of judgment against him.

[This disposes of the 2d, 3d, 4th and 5th assignments of error which are not sustained, and leaves but the one assignment of error to be disposed of which is : " the justice had no jurisdiction."] [3] On the argument of the case before us it was claimed in support of this assignment of error that the term for which the tenant had possession had not expired, and a deposition of the lessee was pressed upon the court to establish a new lease at the expiration of the one under which this proceeding was had. To the consideration of this deposition by the court, the counsel for the lessor objected because in it the lessee undertakes to set up a matter of defense which alone could be made to the claim of the lessor before the justice, and if he did so introduce it and the justice failed to find the fact of a new lease, the lessee's remedy was by an appeal.

[It cannot be denied that the justice had jurisdiction of the subject-matter of the dispute between the parties. The record clearly shows he had jurisdiction and the allegation here made and sought to be proven by this deposition that the lessee was holding under a second lease would have alone gone to the merits of the case, and, if true, defeated the plaintiff's right to recover, but not have deprived the justice of jurisdiction.] [4]

It is nowhere alleged in any of the assignments of error, nor was it claimed in the argument of the case, that this testimony was given before the justice, or that it was offered and he refused to hear it. In Fisher v. Nyce, 60 Pa. 107, the court decides that on a certiorari to a justice parol evidence will not be heard as to the merits of the case, but only what occurred before him, and that such evidence must relate to the conduct of the justice, not to that of a party.

It is equally well settled that, " on the hearing of a certiorari to a justice, every reasonable presumption will be made in favor of his proceedings, consistent with the record ; merely formal errors will be disregarded. If the proceedings appear on the face of the transcript to be regular, and that he has acted within the sphere of his jurisdiction, parol evidence will not, in general, be admitted. But the court may to prevent injustice make inquiry into the evidence given before the magistrate. To establish corruption, or partiality, or the refusal to hear testimony, parol evidence is necessarily admissible ; and there may be cases in which the absence of jurisdiction can be established in no other way ; as, when one justice undertakes to re-examine what has already been determined by another, otherwise the court cannot go out of the record." BINNS, Justice, note page 103.

The record in this case shows that both lessor and lessee with their witnesses were sworn and heard and in all essentials complies with the requirements of the law. If the finding of fact by the justice is complained of, or what the law is on a particular state of facts found, the lessee's remedy was by an appeal, since certiorari lies only to correct errors of law appearing on the record and not to review the evidence.

This record is silent on the subject of a second lease, and regular in a proceeding conducted before the justice under the act of December 14, 1863, save the one question of three months' notice to quit, which the justice sets out was waived by the lessee under an express agreement between the lessor and lessee in writing, and which we find under the decisions, can be waived by a tenant in a proceeding under this act.

[Now, October 22, 1896, the exceptions are dismissed and the judgment of the justice affirmed.] [5]

*Errors assigned* were (1–5) in the opinion and decree of the court, reciting same. (6) In decree of the court overruling the exceptions filed to the record of the justice, said exceptions being as follows : 1. The justice had no jurisdiction. 2. The record does not show that the required notice was given. 3. The notice given, as shown by the record, was not sufficient. 4. The time at which notice was given is not shown. 5. The record does not show that any notice was given before the expiration of the term.

*Jas. P. Eagleson* and *T. F. Birch*, for appellant.

No appearance for appellee.

PER CURIAM, November 8, 1897:

The justice having set forth in his record the material averments of the petition, his finding that they were sustained in all particulars was sufficient, without further repetition, to sustain the judgment, provided the petition itself contained all the essentials. The question then arises, whether the petition averred sufficient facts to take the place of an averment of three months' previous notice to quit. This statutory notice being for the benefit of the tenant may be waived by him in his written lease; but when the fact is so it must appear of record. A waiver arises by necessary implication when the lease contains a stipulation for a notice to quit, which could have been introduced for no other purpose but as a substitute for the statutory provision. This is such a case. The notice stipulated for was not intended as a condition precedent to the termination of tenancy—as, possibly, it might be construed if the tenancy were at will. It was manifestly intended to take the place of the statutory notice to remove, and the record shows with sufficient clearness that it was given in accordance with the terms of the agreement. But as all the questions raised by exceptions were fully considered, and correctly disposed of in the opinion filed by the learned judge of the court below, we need not prolong the discussion.

Judgment affirmed.