## John Sizer *v.* Mrs. Charles Russett, Appellant.

*Landlord and tenant—Overpayment of rent by mistake—Application on a new term.*

The payment by the tenant of two months' rent alleged to be due but which in point of fact was an overpayment will not establish the right to a new term by virtue of the tenant's effort to make an application of the payment different from that which was made by the parties at the time of the transaction.

Argued Feb. 15, 1899. Appeal, No. 3, Feb. T., 1899, by defendant, from judgment of C. P. McKean Co., Dec. T., 1897, No. 79, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Appeal from judgment of magistrate. Before MORRISON, J. It appears from the record and evidence that plaintiff insti-

tuted proceedings before a justice of the peace to recover possession of the leased premises. The lease was for the term of one year from September 18, 1896, and included the following clauses : " A lawful continuance of the tenancy of said term shall be deemed a renewal thereof for the further term of one year, to end at the expiration thereof without further notice and every further lawful continuance shall be deemed a further renewal for a like term, to end in like manner. And every renewal to hold over shall be subject to the provisions of this indenture."

The last clause in this lease was this : " The notice to quit required by an act of assembly previous to proceedings to recover possession of the demised premises, and the benefits of the laws granting stay of execution, appeal, inquisition on real estate or exemption of property upon sale and execution or distress for rent, are hereby waived by the said party of the second part ; " that was by Russett.

After September 18, 1897, the landlord gave notice that he demanded immediate possession and there was some evidence of an arrangement between the parties that the tenant might remain there for a short time, and then go out. This the tenant failed to do and the proceedings recited were instituted. It also appears that at the last settlement of rent the landlord was paid two months' rent more than was necessary to pay the first year's rent, which he testified was taken under mistake of both parties supposing it was due and paid in settlement to the first of the year. The landlord stated positively that he did not rent the property to the tenant for the following year and did not receive the extra payment to apply on the second year.

The defendant submitted the following points :

[1. The lease in this case providing that a lawful continuance of the tenant in possession, beyond the year served to extend the term for another year, and so on indefinitely, it was necessary, notwithstanding a waiver of notice to quit, for the plaintiff to give the usual three months' notice, or at the very least, some notice to the tenant before the expiration of any one year, in order to put himself in position to dispossess the tenant, by proceedings under the act of December 14, 1863. *Answer :* Under the facts of this case and the terms of the lease we cannot affirm this point.] [2]

[3. The defendant being in quiet possession of the premises from which plaintiff seeks to dispossess her, on the day following the expiration of the first year of the lease, made to her husband, and the landlord, the plaintiff, having recognized and accepted her as his tenant by receiving on that day the rent for the month, in advance, of September 18, 1897, and again, in October, the rent for another month in advance, proceedings to dispossess her can only be taken under the act of December 14, 1863, after three months' notice before the expiration of the year. *Answer:* Under the facts of this case we cannot affirm this point.] [3]

Verdict and judgment for plaintiff for six cents damages. Defendant appealed.

*Errors assigned* among others were (1) to the admission of the following offer of evidence for the plaintiff, he being on the stand: " Plaintiff's counsel offers to prove by the witness on the stand that the rent paid by Mrs. Russett to John Sizer on September 21 or 22, 1897, and on October 13, 1897, was paid under misapprehension of the legal rights of the parties, and with no intention of creating a new tenancy or continuing a new tenancy." (2, 3) Refusal of defendant's first and third points, reciting points and answers.

*Eugene Mullin*, of *Mullin & Mullin*, with him *J. M. McClure*, for appellant.—If on September 18, 1897, the appellant was the tenant of the appellee, under the terms of the lease made to appellant's husband, and the court below so held, then, according to the decisions of this court, the appellant was entitled to the possession of the premises for another year, beginning September 18, 1897 : Logan v. Herron, 8 S.·& R. 459 ; Fahnestack v. Faustenauer, 5 S. & R. 173.

The court below, in permitting the appellee to state his purpose in accepting the rent for the two months following the expiration of the first year, was in error.

The continuance of the appellant in possession of the premises on the day after the expiration of the first year, without any notice whatever from her landlord to remove, entitled her to hold the premises for another year.

The question whether there was a renewal of the terms by the

acts of the parties was for the jury and should have been submitted to that tribunal.

The right of appeal from the judgment of the justice of the peace to the court of common pleas remains to her, notwithstanding the waiver of the right of appeal in the lease.

*H. E. Shaffer*, of *Shaffer & Shaffer*, and *J. W. Bouton*, of *Bouton & Gallup*, for appellee.

OPINION BY W. D. PORTER, J., July 28, 1899:

This was a proceeding, under the Act of December 14, 1863, P. L. (1864) 1125, to recover possession of demised premises. There are two questions presented by the specifications of error, first, Was the landlord required, under the terms of the lease, to give notice, prior to the expiration of the term, to the tenant to quit, in order to be entitled to proceed under this act? Second, Was there any evidence of a renewal of the lease which ought to have been submitted to the jury?

The lease under which the defendant came into possession of the premises contained this covenant: " The notice to quit required by any act of assembly previous to proceedings to recover possession of the demised premises is hereby waived by the said party of the second part." This rendered it unnecessary for the landlord to give notice to quit prior to the end of the term: Hutchinson v. Potter, 11 Pa. 472 ; Wilgus v. Whitehead, 89 Pa. 131. Immediately upon the expiration of the term the landlord demanded possession, and there was no lawful continuance of the tenancy.

There was no evidence whatever of a renewal of the lease. The contention of the defendant that the plaintiff accepted rent for two months of a new term has no foundation in the testimony. She testifies that the landlord demanded two months' rent, which he explicitly asserted was in arrear for the term which had expired, and the tenant complied with the demand and paid the amount. An examination of the account disclosed that the landlord had demanded rent which had already been paid. The defendant then asserted the right to create a new term, by applying the money so paid to rent which would have accrued after the expiration of the original term. The money so paid under a mistake of fact may be recovered. It is

clear, upon defendant's own showing, that she knew when she paid the amount that the landlord believed she was paying rent for the term which had expired and that he received it upon that account. After the mistake was discovered, the landlord tendered the money back. The defendant now seeks to establish the right to a new term, by making an application of the payment different from that which was made by the parties at the time of the transaction; this she cannot do.

The plaintiff was entitled to binding instructions, under the evidence, and the grounds upon which the learned court below put such instructions did the appellant no harm: Wilcox v. Montour Iron Company, 147 Pa. 540.

Judgment affirmed.