## Commonwealth, Appellant, *v.* Pennsylvania Milk Products Corporation.

Argued May 3, 1940.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and
HIRT, JJ.

*Frank E. Coho*, Deputy Attorney General, with him
*Claude T. Reno*, Attorney General, for appellant.

*Willis F. Daniels*, with him *Harold W. Swope*, for
appellee.

OPINION BY HIRT, J., July 19, 1940:

This is an appeal by the Commonwealth from a judg-
ment of the common pleas of Dauphin County on cer-
tiorari, reversing a summary conviction by a Justice of
the Peace.

The information charged in substance that the defendant, a milk dealer, did wilfully and unlawfully purchase milk from Lloyd Grove and Seright Nell, milk producers "at the County of Dauphin on or about the 15th day of April, A. D. 1939, ...... without first filing with the Pennsylvania Milk Control Commission a corporate surety, individual surety or collateral bond, approved by the said Commission" as required by §501 of the Act of April 28, 1937, P. L. 417. That Act makes it unlawful for a dealer to purchase milk from a producer before complying with the Act by filing a bond with approved surety. A violation of the provision is made punishable by fine or imprisonment in a summary proceeding.

With the record returned by the justice, there is a summary of the testimony to the effect that two witnesses, Lloyd Grove and Seright Nell are farmers and milk producers and that each of them shipped milk produced by him to defendant during a period ending May 10, 1939 and on the specific date laid in the information, and was paid for all of the milk so shipped, by defendant corporation. It is conceded that they are not residents of Dauphin County. The only other witness, Edwin H. Ridgway, secretary in charge of the bonding and licensing division of the commission, testified that defendant filed an application with the commission for a Milk Dealer's License but failed to file a bond as required by the "Milk Control Law." This testimony was not denied by defendant and from it the justice found the defendant "guilty of wilfully and unlawfully purchasing milk from milk producers without first filing with the Pennsylvania Milk Control Commission a corporate surety, individual surety or collateral bond ...... for the licensing year 1938-1939" as required by the Act. Sentence was imposed accordingly.

In its opinion sustaining defendant's exceptions to the record and reversing the judgment of the justice, the court below said: "The Justice of the Peace in his

decision, finds the defendant, a milk dealer, guilty of wilfully and maliciously purchasing milk from milk producers. He fails to set forth therein the place where this milk was purchased. This we think is fatal error." We are in accord with this conclusion.

The testimony of the witnesses does not show, and the justice did not find that defendant purchased milk in the County of Dauphin; the testimony at most, merely tends toward proof of that fact. The Commonwealth, however, maintains that this jurisdictional requisite was supplied by the information. True, on certiorari, every part of the record including the complaint, must be certified to the court. *Com. v. Hunter,* 107 Pa. Superior Ct. 513, 164 A. 113. But the mere fact that an offense within the territorial jurisdiction of the justice has been charged, is not enough; the record must show proof of that jurisdictional fact. The justice must find the specific facts upon which his jurisdiction depends or that the averments of the complaint are true, and that he has so found them must appear from his record. *Givens v. Miller,* 62 Pa. 133; *Wilke v. Campbell,* 5 Pa. Superior Ct. 618; *Mikulski v. Ziolkowski,* 73 Pa. Superior Ct. 72.

A defendant has the right to stand on the record made up against him and to insist that no jurisdictional essential which the record fails to show shall be taken against him by presumption. *Com. v. Davison,* 11 Pa. Superior Ct. 130. It should always be made to appear in the record that the offense was committed within the jurisdiction of the justice. Since, in the instant case, that necessary jurisdictional fact does not appear, either by a positive finding or by reference to the complaint as true, the record of the justice is fatally defective. *Com v. Ayers,* 17 Pa. Superior Ct. 352; *Com. v. Hudock,* 37 Pa. Superior Ct. 176.

Judgment affirmed.