## Commonwealth v. Beaver

*LeRoy S. Maxwell*, District Attorney, for Commonwealth.

*J. Stewart Glen, Jr.*, for defendant.

WINGERD, P. J., July 27, 1946.—On May 16, 1946, an information was brought before A. H. Stains, a justice of the peace for Hamilton Township, Franklin County, Pa., by a State policeman, against defendant, S. C. Beaver, charging violation of section 1001, subsec. A, art. 10 of The Vehicle Code of May 1, 1929, P. L. 905. On May 17, 1946, a notice was mailed, by registered mail, return receipt requested, by the justice of the peace, directed to S. C. Beaver at his residence in Chambersburg, Pa., which notice read as follows:

"To S. C. Beaver.

279 S. 4th St., Chambersburg, Penna.

"Information has been lodged against you before the undersigned that you, as the driver of a certain motor vehicle carrying Pennsylvania Registration License Tag No. NM742, violated Sub-Section A, Section 1001, Article 10, of the Vehicle Code of the Commonwealth of Pennsylvania, as per Act of Assembly enacted May 1st, 1929, as amended by the Act of Assembly enacted June 22nd, 1931, as amended by Act No. 355, approved July 16th, 1935, and further amendments, while driving on the public road at U. S. Route #30, Hamilton Township, Franklin Co., Penna. at or about the hour of 5:45 o'clock P. M., DST on the 16th day of May, 1946. A true and correct copy of the said information made is hereto attached and made a part hereof.

"You are hereby notified that if you do not voluntarily appear at my office at U. S. Route #30., R. D. #4., Chambersburg, Penna. on the 27th day of May, 1946, at 9:00 o'clock A. M., said date being within ten days of the date of this notice, a warrant for your arrest shall be served as provided by law.

"Witness my hand and seal, this 17th day of May, A. D., 1946.

"A. H. Stains        (Seal)

"Justice of the Peace

"My Commission expires

1st Monday in January, 1950.

"If you do not wish to appear you can mail the amount of fine $25.00 and costs of $3.77, in the form of a money order or certified check, a total of $28.77."

A return receipt was received by the justice of the peace, which showed that the notice had been received at S. C. Beaver's residence. On May 25, 1946, defendant appeared at the office of the justice of the peace and, as shown by the transcript, "elected to have his case disposed of in the quarter sessions court and posted $57.50 cash bond for his appearance at the next session". The justice of the peace returned the transcript to the court of quarter sessions, to which was attached information, bond, notice, post office registered receipt and return card, all of which were entered in the court of quarter sessions on May 28, 1946. The matter came before the court for hearing on Saturday, June 8, 1946. Defendant moved that the case be dismissed because the notice sent to defendant was not in accordance with The Vehicle Code, as it stated a definite time for defendant to appear and that such time was less than 10 days from the date of the notice.

The contention of defendant is that, under The Vehicle Code, sec. 1202, as amended by the Act of June 29, 1937, P. L. 2329, 75 PS §732, which provides:

"(a) Summary proceedings under this act may be commenced by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice.

"1. If the person named in the information shall not voluntarily appear within ten (10) days of the

date of the written notice, a warrant shall then issue and may be served by a peace officer having authority to serve warrants in the county in which the alleged violation has been committed"; the justice of the peace has no authority to set a particular day within 10 days from the date of the notice on which defendant shall appear, for defendant has the right, under the code, to appear at any time within the 10 days, that is, he has 10 full days from the date of the notice in which to appear.

Summary convictions are technical proceedings as defendant may be subject to a fine and, in default of payment thereof, to a jail sentence without a trial by jury and the provisions of the statute, authorizing a summary conviction, must be strictly complied with. The provisions of The Vehicle Code, in reference to summary convictions thereunder, are very definite. There can be no doubt that a notice setting a definite date within 10 days from the date of the notice is not a proper notice under the code. It is defective in substance. If defendant failed to appear pursuant to it and a warrant was issued for his arrest, his arrest would clearly be illegal, the code only authorizing the issuing of a warrant for arrest of defendant, if, after having been given notice in accordance with the code, he fails to appear within the 10-day period.

In Commonwealth v. Walter, 39 D. & C. 383, 386 (1940), Judge MacDade, of Delaware County, said:

"It is the contention of the Commonwealth that, under the provisions of the act above quoted, the justice of the peace has the power to fix a date for defendant's voluntary appearance at any time within the 10 days. In our opinion there is nothing in the act justifying this construction. The language of the act appears to be clear that defendant is given a full 10 days within which to appear voluntarily, and that no warrant can

be issued for his arrest until after the 10 days have fully elapsed without his appearing. If there were any doubt in the first clause relating to the notice to appear within 10 days, that doubt is certainly removed by the following sentence, to the effect that if he shall not appear within 10 days of the date of the notice, 'the warrant shall then issue'. That phrase is clearly equivalent to saying that no warrant shall issue unless defendant fails to appear for 10 full days after the date of the notice. He had a right, if he chose, to appear on the tenth day. Were it otherwise, the justice of the peace might arbitrarily fix the first day after the date of the notice for defendant's appearance which would be just as much 'within ten days' as five or eight days would be. In other words, that construction would enable the justice of the peace, at his pleasure, to nullify the privilege and benefit granted a defendant by the act. There is certainly nothing in the act to justify the conclusion that the legislature contemplated the placing of such an absolute and arbitrary power in the hands of the justice of the peace. The notice in this case does not even permit defendant to appear before or after the eighth day arbitrarily selected by the justice."

In Commonwealth v. Frank, 89 Pitts. L. J. 341, 342 (1941), Judge McDonald said, in speaking of the notice required by The Vehicle Code, above referred to:

"A defendant must have this full ten (10) days' notice within which to appear and a notice fixing a time of hearing less than ten (10) days after the notice, is the equivalent of no notice at all, and this notice is such a jurisdictional prerequisite as goes to the magistrate's jurisdiction over the subject-matter and may be raised upon appeal. If the transcript for appeal shows that the defendant was required to appear before the magistrate upon a date which was less than ten full days after the date of the notice, the defendant may, upon motion, be acquitted because the magistrate

has not properly taken jurisdiction over the subject-matter."

The Commonwealth contends that "when jurisdiction has attached to the subject matter (by filing of an information) and to the person of defendant (by his voluntary appearance within 10 days), procedural irregularities which do not affect the jurisdiction may not be raised on a waived hearing but must be brought up on a certiorari".

The cases are very confusing and conflicting.

In both Commonwealth v. Moore, 15 D. & C. 263, 266 (1930), and Commonwealth v. Greene, 40 D. & C. 546 (1940), defendant waived hearing and gave bail to appear before the court of quarter sessions and in each case the sufficiency of the notice was raised. Both cases held that defendant's appearance to waive hearing and give bail for court waived defects in the notice. In the latter case, it was definitely held in the opinion by Knight, P. J., as follows (p. 551) :

"It is likewise contended that the justice failed to acquire jurisdiction over defendant because the notice sets the time of his appearance short of the full ten days allowed by the section above cited.

"His voluntary appearance, and the giving of bail, waived this defect, if it is a defect."

In Commonwealth v. Myers, 40 Dauphin 215 (1935), Judge Hargest, in a very well considered opinion, decides that when a defendant, in a summary prosecution brought under The Vehicle Code, appears before the justice of the peace to waive a hearing and give bond for trial before the court of quarter sessions, his appearance is not such an appearance that precludes him from raising questions of jurisdiction in the court of quarter sessions. On page 219 he states, referring to section 1204 of The Vehicle Code, clauses (a) and (b) :

"After carefully considering these cases and the phraseology of the act we are of opinion that the act clearly provides for bringing a summary proceeding before the quarter sessions in two ways: (1), by an appeal under paragraph (a), after hearing and judgment, in which proceeding the case shall be heard de novo on the merits and the preliminary proceedings cannot be attacked. (2), under paragraph (b), where the person charged has a right to waive a hearing and give bond for trial before the court of quarter sessions. Whereupon 'the magistrate shall, within fifteen (15) days, return the information to the said court'. What is the purpose of paragraph (b)? If when the case came into the quarter sessions it could only be heard on its merits, that relief is fully afforded by paragraph (a). The legislature must have intended some further relief. It appears to be as stated in Commonwealth vs. Milliren, 10 D. & C. 393, 'to give the defendant the election of his trier.' Under (a) he may have two chances of trial on the merits if an appeal is allowed. So unless he can raise questions of jurisdiction under (b) it is of little or no use. Moreover under (b) the magistrate must send up the record. Why? The record is no use to the quarter sessions, if the latter court can only hear the merits. In our opinion the proceeding under (b) is not an appeal but is intended to remove the whole case. It is not intended to preclude the defendant from raising questions of jurisdiction in the quarter sessions, and in the event of failure to sustain them, go to trial on the merits."

In Commonwealth v. Bennett, 32 D. & C. 542, 543 (1938), President Judge Sheely held:

"The motion to quash is based upon failure of the record to show that the justice of the peace sent by registered mail to defendant a notice in writing of the filing of the information, etc., as required by section 1202 of The Vehicle Code of May 1, 1929, P. L. 905,

and upon the alleged insufficiency of the information filed. Defendant waived a summary hearing before the justice of the peace and entered bail for court under the provisions of section 1204 of The Vehicle Code, supra. The right of defendant to question the regularity of the proceedings and the jurisdiction of the justice of the peace under these circumstances is established in Commonwealth v. Myers, 22 D. & C. 586 (1935), and Commonwealth v. Harned, 25 D. & C. 578 (1936)."

In Commonwealth v. Carmack, 51 D. & C. 505 (1944), President Judge Davison followed the two preceding cases and said (p. 509) : "We find that his waiver of a hearing before the justice of the peace did not deprive him of his right to be heard fully before this court."

In Commonwealth v. Walter, 39 D. & C. 383, supra, we find, on pages 385, 386, the following statement referring to section 1202, clause (a) of The Vehicle Code:

"The above-quoted portion of the act has seldom been construed. In the case of Commonwealth v. Davis, September term, 1938, Court of Quarter Sessions of Chester County, Pa., an opinion was filed by Judge Ernest Harvey, passing upon this identical question. That court held that a notice similar to the one in this case, where defendant was notified to appear on a day certain, being within 10 days of the date of the notice, was not in compliance with the requirements of the act; that the defect was jurisdictional; that a warrant issued upon defendant's failure to appear was illegal, and that defendant's waiving a hearing and giving a bond for his appearance at court was not a waiver of the defects in the proceedings before the justice of the peace. We are entirely in accord with the reasoning and conclusions of that learned court."

However, Judge MacDade later in his opinion (p. 389) seems to make a distinction between a case in which defendant voluntarily appeared to waive summary hearing before the justice of the peace for trial in the court of quarter sessions and the case in which defendant was arrested, waived hearing and gave bail for trial in the court of quarter sessions.

In Commonwealth v. Burall, 146 Pa. Superior Ct. 525, defendant in the prosecution under The Vehicle Code appeared before the justice of the peace and waived hearing for court and, at the hearing before court, moved for dismissal of the case on several grounds, one of which was that the record of the justice of the peace failed to show that notice to appear within 10 days and a copy of the information had been mailed to him, as required by The Vehicle Code. The Superior Court, treating the case as a case on appeal from a summary conviction before a justice of the peace, held that defendant could not attack the record of the justice of the peace because it failed to show that a notice had been given in accordance with the provisions of The Vehicle Code. Judge Baldrige, now president judge, said (p. 528) :

"It is true that on certiorari to the common pleas the specific facts upon which the jurisdiction of a justice of the peace depends must appear on his record or the transcript; Com. of Pa. v. Milk Products Corporation, 141 Pa. Superior Ct. 282, 14 A. 2d 571, and the cases cited therein. But this case did not come to the court of common pleas on a certiorari, it was before the court of quarter sessions on appeal. There is a marked distinction between the questions reviewable on a certiorari and on appeal from a summary conviction. Upon a certiorari to a justice the only thing before the court of common pleas is the regularity of the proceedings as shown by the record, provided the justice has juris-

diction and is not guilty of misconduct on his part. Upon appeal from a decision of the justice to the court of quarter sessions the cause is decided on its facts and merits only, assuming again, of course, that the justice has jurisdiction: Swain v. Brady, 19 Pa. Superior Ct. 459, 462."

In that case, the only matters brought before the court were defects in the record. The opinion does not show that the notice was in fact defective. The question raised was merely that the record failed to show a compliance with The Vehicle Code as to notice. In the instant case, the matter involved is not a record which fails to show compliance with the code but the fact is plainly before the court that the notice sent was defective in substance. The Superior Court was very particular when speaking both of certiorari and of appeal to indicate that the question of jurisdiction could be raised in either case. So whether the waiver of a hearing is treated as an appeal or not, the question of jurisdiction of the justice of the peace over the subject matter may be raised before the court of quarter sessions. This view of Commonwealth v. Burall, supra, in regard to jurisdiction, has also been taken by Wright, P. J., in Commonwealth v. Conner, 50 D. & C. 488, 490 (1944).

We are of the opinion that the sending of a notice, as required by the code, is a prerequisite of jurisdiction over the subject matter. The Vehicle Code provides in section 1202, clause (a), above quoted, that the justice of the peace shall, within seven days of the filing of the information, mail to defendant a copy thereof, together with a notice to appear within 10 days from the date of the notice and if defendant shall not voluntarily appear within 10 days of the notice, a warrant shall issue. It provides definitely that only if defendant fails to appear, after a notice has been

mailed in accordance with the code, shall a warrant issue. If the justice of the peace fails to mail any notice within the seven days, or sends only a notice defective in substance, which is legally the equivalent of no notice, within the seven days, there can be no default on the part of defendant. In either case, as the justice of the peace only has the authority to issue process for defendant on defendant's default, he never had, has not and cannot by any further act obtain the power to issue process for defendant, i. e., issue a warrant. Surely no court has jurisdiction of the subject matter in a criminal prosecution which has no authority to issue process for defendant. For a court to have jurisdiction of the subject matter, it must have the authority to issue process. It is inconceivable for a court to have any jurisdiction of a proceeding when it has no authority to issue process by which it can gain jurisdiction of the person of defendant. Jurisdiction of the subject matter of any legal proceeding presupposes an authority to obtain, by process, jurisdiction of the person or the party against whom the proceeding is brought. Otherwise, we would have the anomaly of a court having jurisdiction of the subject matter of the legal proceeding, with no authority to carry it on to a conclusion. This is unthinkable. We have used the word "authority" to obtain jurisdiction of the person, realizing that although the power or authority may exist, there are cases in which it cannot be successfully exercised, i. e., jurisdiction of the person cannot be obtained. In such cases, the proceeding fails for want of jurisdiction of the person, not from lack of authority to obtain jurisdiction of the person. Where there is authority to issue process to obtain jurisdiction of the person and jurisdiction of the subject matter exists, a defendant may voluntarily appear, which appearance may be of such a character as to make the issuing of process unnecessary or may waive defects in the process issued. But

here the court has no jurisdiction of the subject matter. A defendant cannot, by an appearance, voluntary or otherwise, or by consent or by agreement, give a court jurisdiction of the subject matter: 14 Am. Jur. 380, §184. In the instant case, the legislature, by The Vehicle Code, made certain acts unlawful and the subject of summary proceedings, providing, however, that in addition to the information, by which jurisdiction of the subject matter is ordinarily obtained and upon the filing of which a warrant may ordinarily issue, a certain notice had to be sent to accused within seven days of the filing of the information, before the justice of the peace had full power to act, i. e., it made the information and notice prerequisites of jurisdiction of the subject matter instead of the information alone: Commonwealth v. Frank, 89 Pitts. L. J. 341, supra. When justice is to be administered, it must be done in accordance with the law or there is no jurisdiction: Mills v. The Commonwealth, 13 Pa. 627, 630.

We do not hold that mere defects in form of the notice, such as styling it a "summons" or having it notify defendant to appear within 10 days "for a hearing", nullify its legal effect, but where the substance is defective, as in the instant case, we consider the notice a nullity.

As a prerequisite of jurisdiction of the subject matter is not present in the instant case, the justice of the peace had no jurisdiction of the subject matter and no appearance or act of defendant could give to him jurisdiction thereof. The question of jurisdiction could be raised in the court of quarter sessions, no matter how the case got there. The question was raised on motion to dismiss and the motion should be granted.

Now, July 27, 1946, motion to dismiss the proceeding is granted, defendant is discharged and County of Franklin ordered to pay the costs.