## Borough of Throop v. Matyassi

David B. *Miller* and Daniel L. *Penetar*, for appellant.
*Joseph P. Kane*, for appellee.

HOBAN, P. J., June 11, 1952. — The Borough of Throop, by appropriate action of the borough council, adopted a Wage Tax Ordinance in 1948, under authority of the Stonier-Brunner Act of June 25, 1947, P. L. 1145, 53 PS §2015.1 et seq. The ordinance required, inter alia, that every person subject to the tax (i.e., residents of the borough) should file information returns on appropriate forms at prescribed intervals, giving the pertinent data as to earnings from which his tax could be calculated. Section 8 of the ordinance provides that:

"Any person who shall fail, neglect or refuse to make any return required . . . shall be subject to a fine or penalty of one hundred ($100.00) dollars and costs for such offense or to undergo imprisonment for not more than thirty (30) days for the nonpayment of such fine or penalty and costs within ten (10) days from the imposition thereof."

On complaint that defendant, a resident of the borough and gainfully employed, failed and refused to file any return required by the ordinance for the period from January 1, 1949, to December 31, 1951, a warrant was issued by Alderman Reindenbach, an alderman of the City of Scranton, defendant was arrested, brought before the alderman, and after hearing, the alderman entered judgment against defendant in the

amount of $100 and costs. Before the alderman defendant challenged the jurisdiction of the alderman, and the exceptions on certiorari raise the same challenge.

The question is whether the fine or penalty can be collected in proceedings before any justice of the peace (alderman) of the county, or whether the borough is restricted to proceedings before the burgess or any justice of the peace in the borough.

Stonier-Brunner Act contains this provision:

"Section 7. Penalties. Any such political subdivision shall have power to prescribe and enforce reasonable penalties for the nonpayment, within the time fixed for their payment, of taxes imposed under authority of this act and for the violations of the provisions of ordinances or resolutions passed under authority of this act.": Act of June 25, 1947, P. L. 1145, sec. 7, as amended by Act of May 9, 1949, P. L. 898, sec. 1, 53 PS §2015.7.

No specific method of enforcement of the penalty sections of the act is provided, and indeed there is no necessity for so doing since the various classes of municipalities and political subdivisions covered by the act each have codes or general laws governing the conduct of their corporate business, including the imposition and enforcement of penalties for violation of their ordinances. All the Stonier-Brunner Act did was to add to these political subdivisions a power to impose an additional tax, not theretofore available to these entities. For the method of enforcing and collecting penalties for violations of municipal ordinances therefore, we look to the general laws for the government of the particular class.

The Borough Code of May 4, 1927, P. L. 519, as reenacted and revised by the Act of July 10, 1947, P. L. 1621, 53 PS §12223, provides as follows:

Section 102. Excluded Provisions. This act does not include any provisions, and shall not be construed to repeal any acts, relating to: . . .

"(g)   Justices of the peace."

The sections of the code as to enforcement of borough ordinances are contained in sections 3101 and 3111 inclusive.   Inter alia, these sections provide that the commencement of proceedings for violation of borough ordinances and for the collection of fines and penalties imposed thereby may be commenced by warrant or by summons, and that no fine or penalty shall exceed $100 for any single violation of any ordinance.   The section which is thought by exceptant to limit the jurisdiction of the justice of the peace in this case is as follows:

"Section 3101.   Recovery of Fines, Penalties and Costs. Fines, penalties, and costs made payable by this act, or imposed under any ordinances of the borough, shall be recoverable, before the burgess or any justice of the peace of the borough, in the same manner as debts not exceeding three hundred dollars are recoverable, and when so recovered shall be forthwith paid to the treasurer of the borough."   53 PS §15191.

Section 7 of the Act of April 5, 1849, P. L. 409, 42 PS §292 reads as follows:

"Section 292.   Jurisdiction of suits for breach of by-laws of any city, borough, etc.

"In all cases of the breach of any by-laws of any city, borough, town or corporate body within this commonwealth, subjecting the offender to a penalty or fine therefor, that suits for the recovery thereof may be maintained before any justice of the peace or alderman, in like manner as suits for the recovery of debts under the sum of one hundred dollars may now be maintained before them: provided, the parties shall have the right to appeal as in other cases."

It is apparent that under the Act of 1849, general jurisdiction is given to any justice of the peace or alderman of the county to entertain a suit for a penalty and to collect the same in the manner provided by law, unless limited by section 3101 of the code, supra. But section 102 of the act, supra, disclaimed any intention on the part of the legislature to limit in any way the jurisdiction of justices of the peace.

The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 63, states that:

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both."

Reconciliation so as to give effect to the apparently conflicting sections of the code and of the Act of 1949 is simple if we consider section 3101 as simply a restriction of the venue in which a particular class of offenses may be considered. The provision of the code authorizing boroughs by ordinance to impose penalties for violation of the ordinance and providing for the prosecution of such violations is highly penal and must be strictly construed. A familiar instance of the limitation of venue over summary proceedings is the provision of The Vehicle Code restricting prosecutions for many violations thereof to the nearest available magistrate within a municipality in which the offense was committed. To the effect that this limitation has been considered in numerous cases, see cases collected in 75 PS §731, Note 3. The following quotation from a recent appellate court case is apt:

"It cannot be questioned that the territorial jurisdiction of a police magistrate in the City of Pittsburgh extends throughout the entire city just as the general jurisdiction of a justice of the peace extends throughout the county of his election. And such police magistrate is not without jurisdiction of a summary pro-

ceeding on an information, if properly brought, charging a violation of The Vehicle Code. But the fact that an offense, cognizant before a police magistrate and within the territorial jurisdiction of the magistrate, is charged, is not necessarily sufficient to establish that the magistrate had jurisdiction of the specific offense set forth in the information. Cf. Commonwealth v. Pa. Milk Prod. Corp., 141 Pa. Superior Ct. 282, 14 A. 2d 571. The legislature which clothed the city with authority to appoint police magistrates certainly may impose such limitations on the general territorial jurisdiction of all magistrates in any class of summary proceedings, as it chooses. And no ordinance of the city can supersede and nullify such restrictive legislation'': Commonwealth v. Germsback, 167 Pa. Superior Ct. 106, 109.

We conclude, therefore, that while section 3101 of the code limits the venue of actions brought under ordinances such as this to magistrates within the territorial subdivision where the offense was committed, it does not in any way limit the general jurisdiction of an alderman to entertain this class of action, the limitation being only as to the venue of the specific offense, to wit, the violation of the provision of the borough ordinance.

While it does not appear of record, counsel for the borough at the oral argument stated that one of the reasons impelling the borough to bring this action before an alderman of the city rather than before the burgess or one of the justices within the borough was that these officials were unwilling to entertain such actions. As to this we may observe that the avoidance of public duty by officers competent and required to perform the same does not confer jurisdiction on other officers to accept such responsibilities. Justices of the peace are magistrates and their courts are magistrate courts within the meaning of article V, sec. 1, of the

Constitution of Pennsylvania, and burgesses are clothed by the Borough Code with the power of magistrates with respect to the enforcement of borough ordinances and certain other laws of the Commonwealth.

Section 11 of article I of the Constitution of Pennsylvania states this:

"All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, *denial or delay*."

Since actions to enforce the penalty provisions of borough ordinances are made local rather than transitory, the local courts are required to entertain actions properly laid before them in cases arising within their territorial jurisdiction. If they deny or delay the administration of justice, an action of mandamus will lie against them (Commonwealth ex rel. Duff v. *Keenan* et al., 347 Pa. 574) and subject them to the possibility of punishment for contempt for failure to obey a judgment in mandamus commanding them to perform their duties. Obviously, for continued refusal they may also be subject to the removal processes provided by sections 3 and 4 of article VI of the Constitution, to wit, impeachment, removal by the Governor on the address of the Senate, or upon conviction of misbehavior in office.

Upon the record as it stands, we are of the opinion that an alderman of the City of Scranton has no jurisdiction to try an action to enforce a penalty for violation of the provisions of an ordinance of the Borough of Throop. Exceptions, therefore, must be sustained and judgment entered for defendant, without prejudice to the right of the Borough of Throop to enter an action before the burgess or any justice in the Borough of Throop. Costs to be paid by the Borough of Throop.

Now, June 11, 1952, the exceptions are sustained. Judgment is entered for defendant, without prejudice

456

to the right of the borough to prosecute an action against same defendant in a proper forum. Costs to be paid by the Borough of Throop.