## Galizia et ux. v. Tardino

*John Leslie Kilcoyne*, for plaintiffs.

*Achey & Power*, for defendant.

SATTERTHWAITE, J., February 11, 1954.—This is a landlord-tenant case in which an action to recover possession of the demised premises before a justice of the peace has been removed to this court by certiorari. On the record before the justice of the peace, we believe these proceedings are fatally defective and must be dismissed.

The landlords' complaint averred a written lease for the term of one year from March 12, 1947, rent to be

paid monthly at the rate of $50 per month, and claimed possession on two specified grounds: (1) That the term was ended, and (2) that a forfeiture resulted by reason of a breach of the conditions of the lease. It further set forth that written notice was given to the tenant on March 7, 1953, requiring him to deliver possession within 30 days. No waiver of notice under the terms of the lease was alleged, nor was any amount claimed for unpaid rent or damages for unjust detention of the premises.

The complaint was filed on April 8, 1953 and on April 11, 1953, a summons was issued substantially reciting the contents thereof. The justice held a hearing thereon on April 17, 1953, and found, according to the transcript, that the complaint is "in all particulars just and true". Judgment was entered, directing the tenant to deliver up the premises to the landlords and ascertaining the rent in arrears at $100 to April 13, 1953, with costs. The transcript further recited that Vincenzo Galizia, one of the landlords, testified as to formalities concerning the lease given by a former owner and their purchase of the premises subject thereto, and further that February 1953 rent received by Galizis by mail on February 16th instead of 13th; it was returned; rent has been late at other times; lease terminated March 13, 1953. The transcript also quoted a part of the lease, as follows:

"If Lessee shall . . . fail to comply with any of the conditions . . . at the expiration of ten days from time of leaving a notice, the Lease shall absolutely determine." The lease itself is not a part of the record.

Subsequently, the arrears in rent and costs were tendered to the constable, who apparently ignored them, the checks therefor being returned, uncashed, to this court with the other papers in the case as a part of the record on certiorari and still remain in the file. A writ of possession was thereafter issued but not ex-

ecuted. Notice of an alias writ of possession also had been served when the within certiorari became a supersedeas upon the tenant's filing security therefor in this court.

Many of the exceptions in this case go to questions concerning the validity of the writ of possession and other matters which we deem unnecessary to decide inasmuch as the record affirmatively discloses failure of the landlords to comply with the requirements of the Landlord and Tenant Act of April 6, 1951, P. L. 69, 68 PS §250.101 et seq., under which the proceedings were brought. Hence, the tenant's thirteenth exception to the record of the justice of the peace to the effect that the proceedings were defective, illegal and void must be sustained.

Section 501 of the Act, 68 PS §250.501, authorizes a landlord desirous of repossessing the premises from a tenant to give written notice thereof in three situations: (1) Upon the ending of the term; (2) upon a forfeiture for breach of condition, or (3) upon nonpayment of rent after demand where there is insufficient nonexempt personal property on the premises to satisfy the arrearages. It further provides that in cases based on expiration of term and forfeitures, such notice shall specify the removal of the tenant within 30 days where the lease is for any term of less than one year or is indeterminate, or *within three months when the lease is for one year or more*. In cases based on nonpayment of rent after demand, apparently irrespective of the term of the lease, such notice shall specify the removal of the tenant within 15 or 30 days, depending upon the time of the year. Waiver of any of such notices by the terms of the lease is expressly authorized.

Section 502, 68 PS §250.502, which is the basis of the within proceedings, authorizes the landlord to file a complaint with a justice of the peace if the tenant fails

to regard such notice, the complaint to specify, inter alia, as follows:

". . . (3) that due notice to remove has been given to the tenant or that no notice was required under the terms of the lease, (4) that the term for which the same was demised is fully ended, or that a forfeiture has resulted by reason of a breach of the conditions of the lease, or that any rent reserved and due has, upon demand, remained unsatisfied, as the case may be, . . ."

The lease presently in question was for an original term of one year, according to the complaint, and hence, prima facie, by the holdover of the tenant, must have continued on a year to year basis: Pfingstl v. Chenot et ux., 165 Pa. Superior Ct. 222. Even assuming, therefore, that the term had been legally terminated and had expired on March 13, 1953, as the justice found, or that the lease had been properly declared forfeited for breach of conditions in that the tenant had failed to make timely payment of rent after 10 days' notice from the landlords, as the lease apparently provided (an assumption which in itself is not sustained by this record), nevertheless, the three months' notice of demand for possession required by section 501 in cases of leases for a year or more was neither given nor waived so far as the transcript discloses. In fact, the complaint avers, and the justice therefore apparently found that, only 32 days' notice was served. We therefore believe that the record itself demonstrates that judgment for plaintiff was improper and should be reversed and vacated.

Our conclusions are the same as those reached in an almost identical situation by the Court of Common Pleas of Lackawanna County in Jankowski v. Orloske, 84 D. & C. 522, wherein that court on certiorari to an alderman held that proceedings for possession based on a six-day notice in the case of a month-to-month lease

were fatally defective, since section 501 of the 1951 Act required 30 days' notice in such circumstances and compliance therewith was a prerequisite to proceedings under sections 502. The judgment awarding possession to the landlord was reversed on that ground alone.

This result is consistent with decisions under prior law. Three months' notice of demand for possession was a condition precedent to action under section 12 of the Act of March 12, 1772, 1 Sm. 370, 68 PS §361 (now repealed), authorizing proceedings for possession by inquisition before justices of the peace upon the expiration of terms of one or more years or tenancies at will (Fahnestock v. Faustenauer, 5 S. & R. 173) ; the same was true in summary proceedings before a justice of the peace without a jury of inquisition under the Act of December 14, 1863, P. L. 1125, 68 PS §364 (now repealed), also applicable under the same circumstances: Rich v. Keyser, 54 Pa. 86. The fact of such notice, like other requisites to the jurisdiction of the justice of the peace, must have been found by him and so appear from his record, else the proceedings are fatally defective on certiorari: Mikulski v. Ziolkowski, 73 Pa. Superior Ct. 72. While it was, as still recognized by the 1951 Act, competent for the tenant to waive such notice, as by a provision in the lease, such waiver was required affirmatively to appear in the record on certiorari, or the proceedings were totally invalid, both under the Act of 1772 (Hutchinson v. Potter, 11 Pa. 472), as well as under the Act of 1863: Mill Creek Coal Co. v. Androkus, 2 Dist. R. 764; compare Wilke v. Campbell, 5 Pa. Superior Ct. 618. Sections 501 and 502 of the Landlord and Tenant Act are derived from, and have replaced, as to provisions for obtaining possession upon the expiration of the term of leases for one year or more, the Acts of 1772 and 1863, and we see no reason why they should not receive a similar construction.

The 15- or 30-day notice provision of section 501 relating to demands for possession for nonpayment of rent can have no application to this case. No claim for relief on that basis is made in the complaint as would be required under clause (4) of section 502. Even the gratitutous finding of the justice of the peace of the amount of rent due has no effect, not only because unauthorized by the nature of the proceeding as specified in the complaint, but also because the tenant has tendered to the constable a sum in excess thereof prior to the actual execution of the writ of possession by that officer, a complete defense under the fourth paragraph of section 504 of the act, 68 PS §250.504.

At the argument on the exceptions in this court, counsel for the landlords relied almost wholly upon an alleged waiver and release of errors contained in the lease, quoting therefrom in his brief. However, even this avails him nothing. Apart from the fact that the lease itself and such release of errors is not a part of the record returned by the justice of the peace, an inspection of the quoted portion thereof discloses that it relates *only* to errors and defects in entering an amicable action of ejectment and confessing judgment thereon; it has, by its own terms, no application to proceedings before a justice of the peace. The landlords, having elected to pursue their remedy in one type of proceeding, cannot base their rights therein upon matters possibly having relation to another equally available remedy.

### Order

And now, February 11, 1954, the judgment of the justice of the peace in the within case is reversed and vacated and said proceedings dismissed, costs to be paid by plaintiffs. Upon payment of costs incurred in this court, the prothonotary is directed to remit the three checks contained in the record to the justice of

the peace who, upon payment of her costs, shall procure the endorsement thereof without recourse and deliver the same to plaintiffs to be applied, if, as and when collected, as payments on account of arrearages of rent admittedly still due. Such payment shall be without prejudice to plaintiffs to pursue such legal remedies against defendant as they might otherwise have had after applying such payment to the installments of rent presently the longest past due.