## Commonwealth v. Seidel

*George J. Joseph*, District Attorney, and *W. Creveling*, Assistant District Attorney, for Commonwealth.

*Gus Milides*, for defendant.

KOCH, July 23, 1963—Irvin Seidel was charged with a speeding violation on October 16, 1961, on the Pennsylvania Turnpike in South Whitehall Township, Lehigh County, under the provisions of section 1002(b) (7) of the Vehicle Code of April 29, 1959, P. L. 58,

75 PS §1002(b)(7). A member of the Pennsylvania State Police lodged the information before Justice of the Peace Earl J. Hersh of South Whitehall Township. After hearing, defendant was adjudged guilty and thereafter he secured a write of certiorari and posted cash bond in the amount of $100 in accordance with local court rule 505(c)(1).

Sixteen exceptions to the record of the justice of the peace were filed and all but three were abandoned at argument on May 7, 1963.

Plaintiff in error contends that the judgment must be reversed for the reason that the transcript fails to reveal specifically that the justice of the peace was in fact the "nearest available magistrate." The information does set forth that the justice of the peace was the "nearest available magistrate to the first exit from the scene of the violation," but the transcript is entirely silent with respect to any testimony in support of this jurisdictional requirement.

In seeking to uphold the conviction, the Commonwealth has failed to distinguish between the questions reviewable on a certiorari and on appeal from a summary conviction. "Upon a certiorari to a justice the only thing before the court of common pleas is the regularity of the proceeedings as shown by the record, provided the justice has jurisdiction and is not guilty of misconduct on his part. Upon appeal from a decision of the justice to the court of quarter sessions the cause is decided on its facts and merits only, assuming, again, of course, that the justice has jurisdiction": Commonwealth v. Burall, 146 Pa. Superior Ct. 525, 528.

While it is true that the *information* which is a part of the record before us (Commonwealth v. Hunter, 107 Pa. Superior Ct. 513) avers the jurisdictional requisite, this is not sufficient to meet the test on certiorari. The applicable principle is set forth in Common-

wealth v. Pennsylvania Milk Products Corporation, 141 Pa. Superior Ct. 282, 285, where Judge Hirt said:

". . . The mere fact that an offense within the territorial jurisdiction of the justice has been charged, is not enough; the record must show proof of that jurisdictional fact. The justice must find the specific facts upon which his jurisdiction depends or that the averments of the complaint are true, and that he has so found them must appear from his record. Givens v. Miller, 62 Pa. 133; Wilke v. Campbell, 5 Pa. Superior Ct. 618; Mikulski v. Ziolkowski, 73 Pa. Superior Ct. 72.

"A defendant has the right to stand on the record made up against him and to insist that no jurisdictional essential which the record fails to show shall be taken against him by presumption. Com. v. Davison, 11 Pa. Superior Ct. 130. It should always be made to appear in the record that the offense was committed within the jurisdiction of the justice. Since, in the instant case, that necessary jurisdictional fact does not appear, either by a positive finding or by reference to the complaint as true, the record of the justice is fatally defective. Com. v. Ayers, 17 Pa. Superior Ct. 352; Com. v. Hudock, 37 Pa. Superior Ct. 176."

Since we have concluded that the transcript is faulty in the area of the jurisdictional requirement it becomes unnecessary to pass upon the other exceptions taken by the plaintiff in error and we express no views with respect to them.

*Order*

Now, July 23, 1963, the writ of certiorari is allowed, exception no. 2 to the record of the justice of the peace is sustained and the judgment is stricken off.