### Commonwealth v. Conner

*Merrill W. Kerlin*, for Commonwealth.
*Albert Foster*, for defendant.

MacPHAIL, P.J., December 13, 1971.—This case is before us on a writ of certiorari. Defendant was charged with violating section 1002 of The Vehicle Code (a summary offense) before a justice of the peace who assumed office prior to November 4, 1969. The proceedings were instituted by the filing of an "information" as provided by section 1202 of The Vehicle Code. Defendant contends that the procedure before the justice of the peace is fatally defective because, inter alia, the proceedings were not instituted by a complaint which complies with the Pennsylvania Rules of Criminal Procedure.

While we must set aside the judgment of the justice of the peace for another reason, we feel compelled to rule on the question of the commencement of these proceedings by an information as well. The Rules of Criminal Procedure (Rule 102) state that the criminal proceedings may be instituted by a complaint, an arrest without warrant (under certain circumstances), or a citation (under certain circumstances). The rules do not say that a criminal action may be instituted by the filing of an "information." However, the Act of April 29, 1959, P. L. 58, as amended, 75 PS § 1202, authorizes the commencement of summary proceedings under The Vehicle Code by the filing of an information. Interestingly enough, Rule 130 suspends

section 1201 of the Act of 1959 so far as that statute may be inconsistent with the Rules of Criminal Procedure, but does *not* specifically suspend section 1202 of the same act. In Commonwealth v. Braganini, 51 D. & C. 2d 435 (1970), the Court of Common Pleas of Carbon County, in a case raising precisely the same issue of whether section 1202 was suspended by the Rules of Criminal Procedure, held that the provisions of Rules 1 and 2 of the Rules of Criminal Procedure were sufficiently broad to answer this question and concluded that section 1202 was thereby suspended. We agree.

Even though an action may not be instituted by an "information," however, we would not be bound by the title of the paper, but would look to the substance of that paper, and if it complied with the provisions of the Rules of Criminal Procedure, we would permit it to stand, notwithstanding its title. In the case now before us, the paper titled "information" does not so comply and for that reason the judgment must be set aside.

There is another reason why the judgment of the justice of the peace in this case cannot be permitted to stand. The transcript says that the arresting officer testified that the offense occurred "at mile post 183.1 W.B. on the Pennsylvania Turnpike." The officer did not testify, according to the transcript, that it occurred in the township where the justice of the peace had jurisdiction. Since this particular justice of the peace assumed office prior to November 4, 1969, she had jurisdiction in Dublin Township only. In Commonwealth v. Brenneman, 13 Adams 18 (1971), we held that this omission in the testimony was a fatal defect on the authority of Commonwealth v. Pennsylvania Milk Products Corp., 141 Pa. Superior Ct. 282 (1940). Since the factual situation in the present case is almost

completely identical with that in Brenneman, we feel bound by our previous decision.

## ORDER OF COURT

And now, December 13, 1971, the judgment of the justice of the peace in the within case is hereby set aside. Costs to be paid by the County of Fulton.